UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., et al.,<br><br>           Plaintiffs,<br><br>      v.<br><br>GREGORY FORD GILBERT, et al.,<br><br>           Defendants. | No.  2:11-cv-02797-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

        Through this action, Plaintiffs Thomas Aoki, M.D. ("Aoki"), and Aoki Diabetes

Research Institute ("ADRI") (collectively "Plaintiffs") allege a variety of causes of action

arising from the development, patenting and licensing of therapies intended for the

treatment of diabetes.  Pending before the Court is a Motion to Dismiss, in the

Alternative Motion for Summary Judgment, in the Alternative Motion for More Definite

Statement by Defendants Gregory Ford Gilbert, Bionica, Inc., Bionica International, Inc.,

Trina Health, LLC, and Trina Health of Newport Beach, LLC (collectively "the moving

Defendants").  (ECF No. 68.)  The moving Defendants' motion includes a Memorandum

of Points and Authorities (ECF No. 11), a Request for Judicial Notice (ECF No. 12) and

the Declaration of Gregory Ford Gilbert (ECF No. 13).  Plaintiffs filed a timely opposition

to the motion (ECF No. 76), accompanied by the Declaration of Thomas T. Aoki (ECF

No. 77) and a Request for Judicial Notice (ECF No. 78).

1  Plaintiffs also filed objections to the Motion (ECF No. 80), to the moving Defendants'

2  Request for Judicial Notice (ECF No. 79), and to Gilbert's Declaration (ECF No. 81).[1]

3  Defendants Life Pulse Health, LLC, John D. Mullen, Glenn A. Wilson, Richard L. Girard,

4  David S. Bradley, Kevin J. Buckman, Marc R. Rose, Michael McCarthy, Health

5  Innovations, LLC, and Timothy Tight joined in the Motion.  (ECF Nos. 70, 71, 113.)  For

6  the reasons set forth below, Defendants' Motion is DENIED.[2]

7

8  **BACKGROUND[3]**

9

10  According to Gilbert, he has been involved in the development of diabetes

11  technologies for more than twenty-five years, ever since his daughter was diagnosed

12  with Type 1 diabetes at age two.  At that time, Gilbert was a practicing lawyer and the

13  Chief Executive Officer ("CEO") of an international innovative pump manufacturing

14  company.  After his daughter's diagnosis, Gilbert began work on designing an insulin

15  pump for use in the treatment of diabetes.

16  ///

17  ///

18

19  [1] Because the Court did not need to consider Defendants' Declaration (ECF No. 13) and Request
for Judicial Notice (ECF No. 12) to reach its ruling on this motion, the Court declines to reach Plaintiffs'

20  objections to these documents (ECF Nos. 79, 81) at this time.  Likewise, the Court did not rely on Plaintiffs'
Request for Judicial Notice (ECF No. 78), and thus declines to reach Defendants' Objections to Plaintiffs'

21  Request for Judicial Notice (ECF No. 85).  The Court also did not need to consider the Declaration of
Thomas T. Aoki (ECF No. 77) and thus declines to rule on Defendants' Objections to Declaration of

22  Thomas T. Aoki, MD (ECF No. 84).  Finally, Plaintiffs' Objection to Defendant Bionica as a Party to the
Motion (ECF No. 80) is DENIED in light of Defendant Bionica's response (ECF No. 131) to the Court's

23  March 13, 2013, Order to Show Cause (ECF No. 128).  Defendant Bionica has demonstrated
reinstatement, and thus has the capacity to defend the action.  See Superior Seafoods, Inc. v. Hanft Fride,

24  P.A., 482 F. App'x 188, 196 (9th Cir. 2012) (applying California law).

25  [2] Because oral argument will not be of material assistance, the Court ordered this matter
submitted on the briefs.  E.D. Cal. Local R. 78-230(g).

26  [3] Unless otherwise stated, these facts are derived, at times verbatim, from the moving Defendants'
Motion to Dismiss.  (ECF No. 11.)  The underlying dispute arises from a business relationship between

27  Aoki and Gilbert that dates back to the mid-1980s.  Given the long history of the parties' relationship, and
the lack of clarity as to exactly what has evolved over the years, the Court recites only the bare minimum

28  facts here.

2

1    Due to his increasing diabetes-related work, Gilbert eventually met Aoki, and the two

2    thereafter partnered together to develop and commercialize a new approach to the

3    treatment of diabetes using Aoki's technology and Gilbert's pumps.

4         Gilbert formed ADRI in approximately 1986 or 1987 and thereafter served as its

5    Executive Director.  After realizing that fund-raising presented an issue for a non-profit

6    entity, Gilbert formed a "for profit" company, AMSys, to raise additional funds.  According

7    to Gilbert, at AMSys' formation, Aoki licensed his technology to that new entity pursuant

8    to a Licensing Agreement ("Agreement"), signed by Aoki and AMSys in November 1987.

9    In the meantime, Gilbert continued working on pumps through his own affiliated entities,

10   namely, some of the Bionica Defendants.  In January 1992, AMSys entered into a

11   Development Agreement with Connecticut Innovations Incorporated ("CII").  Pursuant to

12   that agreement, CII provided development funding by loan to AMSys and AMSys gave

13   CII a royalty free non-exclusive license as a security in the event of default.

14   Subsequently, in December 1992, Gilbert became the CEO of AMSys and he and Aoki

15   reverse merged AMSys into a new company, AMS Delaware.  Thus, at this point, AMS

16   Delaware owned the License.  Then, in May 1999, AMS Delaware conveyed the License

17   to AMTech, a Nevada corporation, in exchange for all issued and outstanding shares of

18   AMTech.  Diabetex then became the sole shareholder of AMTech, and thus the owner of

19   the License.

20        All disputes between the parties were purportedly resolved in 2001 by execution

21   of a Settlement Agreement and Release, which Gilbert argues operated to assign him

22   the license rights in the pertinent technology.  Gilbert contends that Plaintiffs, as well as

23   Gilbert and Bionica, were parties to the Settlement Agreement and Release.

24        Finally, Gilbert contends that on February 23, 2005, Defendant Bionica purchased

25   the non-exclusive royalty-free License that CII had obtained as a security because

26   AMSys had defaulted on the loan.  Thus, according to Gilbert, he and Bionica own the

27   exclusive rights for treatment using the pertinent technology.

28   ///

                                          3

1
2

**STANDARDS**

3
4

**A. Motion to Dismiss**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

23
24
25

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).

26

///

27
28

_____
   [4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

4

1  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant

2  could satisfy the requirements of providing not only 'fair notice' of the nature of the claim,

3  but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R.

4  Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to

5  relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their

6  claims across the line from conceivable to plausible, their complaint must be dismissed."

7  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge

8  that actual proof of those facts is improbable, and 'that a recovery is very remote and

9  unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

10

11     **B. Motion for Summary Judgment**

12

13     The Rules provide for summary judgment when "the pleadings, depositions,

14  answers to interrogatories, and admissions on file, together with affidavits, if any, show

15  that there is no genuine issue as to any material fact and that the moving party is entitled

16  to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett,

17  477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of

18  factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

19     Rule 56 also allows a court to grant summary adjudication on part of a claim or

20  defense. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment,

21  identifying . . . the part of each claim or defense . . . on which summary judgment is

22  sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal.

23  1995); France Stone Co., Inc. v. Charter Twp. of Monroe, 790 F. Supp. 707, 710 (E.D.

24  Mich. 1992).

25     The standard that applies to a motion for summary adjudication is the same as

26  that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c);

27  Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

28  ///

1
2
3
4

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

5 Celotex, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

6 If the moving party meets its initial responsibility, the burden then shifts to the

7 opposing party to establish that a genuine issue as to any material fact actually does

8 exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986);

9 First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

10 In attempting to establish the existence of this factual dispute, the opposing party

11 must tender evidence of specific facts in the form of affidavits, and/or admissible

12 discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P.

13 56(e). The opposing party must demonstrate that the fact in contention is material, i.e.,

14 a fact that might affect the outcome of the suit under the governing law, and that the

15 dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict

16 for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52

17 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347,

18 355 (9th Cir. 1987). Stated another way, "before the evidence is left to the jury, there is

19 a preliminary question for the judge, not whether there is literally no evidence, but

20 whether there is any upon which a jury could properly proceed to find a verdict for the

21 party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251

22 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court

23 explained, "[w]hen the moving party has carried its burden under Rule 56(c), its

24 opponent must do more than simply show that there is some metaphysical doubt as to

25 the material facts . . . . Where the record taken as a whole could not lead a rational trier

26 of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita,

27 475 U.S. at 586-87.

28 ///

1  In resolving a summary judgment motion, the evidence of the opposing party is to

2  be believed, and all reasonable inferences that may be drawn from the facts placed

3  before the court must be drawn in favor of the opposing party.  Anderson, 477 U.S. at

4  255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

5  obligation to produce a factual predicate from which the inference may be drawn.

6  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd,

7  810 F.2d 898 (9th Cir. 1987).

8

9  **C. Motion for More Definite Statement**

10

11  A motion for more definite statement pursuant to Rule 12(e) attacks "the

12  unintelligibility of the complaint, not simply the mere lack of detail . . . ."  Neveau v. City

13  of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D.Cal. 2005).  Courts will deny the motion if

14  the complaint is specific enough to give notice to the defendants of the substance of the

15  claim asserted.  Id.  A Rule 12(e) motion should be granted only if the complaint is "so

16  vague or ambiguous that the opposing party cannot respond, even with a simple denial,

17  in good faith or without prejudice to himself."  Cellars v. Pac. Coast Packaging, Inc.,

18  189 F.R.D. 575, 578 (N.D. Cal. 1999); see also Bautista v. L.A. Cnty., 216 F.3d 837, 843

19  n.1 (9th Cir. 2000) (Reinhardt, J., concurring) (party can move for more definite

20  statement on those rare occasions where a complaint is so vague or ambiguous that

21  party cannot reasonably frame a responsive pleading).

22  "Rule 12(e) is designed to strike an unintelligibility rather than want of detail . . . .

23  A motion for a more definite statement should not be used to test an opponent's case by

24  requiring him to allege certain facts or retreat from his allegations."  Neveu, 392 F. Supp.

25  2d at 1169 (quoting Palm Springs Med. Clinic, Inc. v. Desert Hosp., 628 F. Supp. 454,

26  464-65 (C.D. Cal. 1986).  If the facts sought by a motion for a more definite statement

27  are obtainable by discovery, the motion should be denied.

28  ///

1    See McHenry v. Renne, 84 F.3d 1172, 1176 (9th Cir. 1996); Neveau, 392 F. Supp. 2d at

2    1169-70; Sagan v. Apple Computer, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).  "This

3    liberal standard of pleading is consistent with [Rule] 8(a)(2) which allows pleadings that

4    contain a 'short and plain statement of the claim.'  Both rules assume that the parties will

5    familiarize themselves with the claims and ultimate facts through the discovery process."

6    Neveu, 392 F. Supp. 2d at 1169 (citing Sagan, 874 F. Supp. at 1077 ("Motions for a

7    more definite statement are viewed with disfavor and are rarely granted because of the

8    minimal pleading requirements of the Federal Rules.")).

9

10                                          **ANALYSIS**

11

12           The moving Defendants' Motion is styled as a Motion to Dismiss, in the

13    Alternative Motion for Summary Judgment.  However, the Court must construe the

14    moving Defendants' Motion to Dismiss as a Motion for Summary Judgment because the

15    moving Defendants have submitted materials outside the pleadings in support of their

16    motion and the Court will rely on those materials in ruling on the Motion.  See

17    Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  Each of Defendants'

18    arguments requires that the Court refer to the 2001 Settlement Agreement License, the

19    2005 License, a posting made by Aoki to ADRI's website in 2003, and/or documents

20    from a case brought in the Second Judicial District Court of the State of Nevada, County

21    of Washoe.  (See ECF No. 11.)  All of these documents are submitted with the moving

22    Defendants' motion.

23           As to the Motion for Summary Judgment, Plaintiffs point out that Defendants'

24    Motion fails to comply with the Local Rules governing motions for summary judgment.

25    Local Rule 260(a) provides:

26                  Each motion for summary judgment or summary adjudication
                    shall be accompanied by a "Statement of Undisputed Facts"
27                  that shall enumerate discretely each of the specific material
                    facts relied upon in support of the motion and cite the
28                  particular portions of any pleading, affidavit, deposition,

                                                 8

1
2
3

> interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers.as it is not accompanied by a statement of undisputed facts.

E.D. Cal. Local R. 260(a).  A motion for summary judgment which does not contain such a statement of undisputed facts is subject to denial on this ground alone.  See, e.g., Luna v. Hoa Trung Vo, CV F 08-1962 AWI SMS, 2010 WL 4878788, at *2-3 (E.D. Cal. Nov. 16, 2010) (denying summary judgment where plaintiff's motion failed to comport with Local Rule 260(a)).  As in Luna, the Court here "cannot justify the expenditure of scarce judicial resources necessary to sort out the factual bases" for Defendants' claims for summary judgment.  Id. at *3.  Accordingly, Defendants' Motion for Summary Judgment is denied without prejudice.

Finally, the moving Defendants' Motion seeks a more definite statement pursuant to Rule 12(e).  The moving Defendants request that the Court order Plaintiffs to re-plead their Complaint to include allegations regarding a 2005 license agreement and 2001 settlement agreement.  (ECF No. 11 at 15.)  Defendants contend these agreements are relevant to Plaintiffs' claims.  Specifically, Defendants state that Plaintiffs should be required to include certain additional information, including, among other things: 1) the nature of Defendants' alleged infringement; 2) why the settlement agreement and the license are allegedly invalid; 3) the dates and specifics of when Plaintiffs learned about the infringement; 4) the basis for any delay in accrual of Plaintiffs claims; and 5) the basis of the alleged attorney-client relationship between Plaintiff Aoki and Defendant Gilbert.

Plaintiffs correctly point out that the information the moving Defendants seek is available and properly sought through discovery.  Plaintiffs' complaint is over forty pages long, and contains information sufficient to meet the pleading standards of Rule 8(a)(2).  Defendants essentially seek to "require [Plaintiffs] to allege certain facts or retreat from [their] allegations."  Neveau, 392 F. Supp. 2d at 1169.

///

1    Notably, the moving Defendants do not even attempt to argue that they are not "apprised

2    of the substance" of the claims asserted.  Bureerong v. Uvawas, 922 F. Supp. 1450,

3    1461 (C.D. Cal. 1996).  Simply put, the Complaint is not so vague or ambiguous that a

4    more definite statement is required.  As such, the moving Defendants' Motion for a More

5    Definite Statement is denied.

6

7                                    **CONCLUSION**

8

9          Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, in the

10   Alternative Motion for Summary Judgment, in the Alternative Motion for a More Definite

11   Statement (ECF No. 68) is DENIED WITHOUT PREJUDICE.

12         IT IS SO ORDERED.

13   DATED:  March 28, 2013

14

15   _____

16   MORRISON C. ENGLAND, JR., CHIEF JUDGE
     UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

10