UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREGORY FORD GILBERT, et al.,<br><br>    Defendants. | No.  2:11-cv-02797-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs Thomas Aoki, M.D. ("Aoki") and Aoki Diabetes Research Institute ("ADRI") (collectively "Plaintiffs") allege several causes of action relating to the development, patenting, and licensing of metabolic activation therapy ("MAT® treatment"), a diabetes treatment.  Presently before the Court is Defendant Diabetic Innovations, LLC's Motion to Dismiss for Lack of Personal Jurisdiction ("Defendant's Motion") pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]  (ECF No. 73.)  Plaintiffs filed a timely Opposition to Defendant's Motion.  (ECF No. 87.)  For the reasons set forth below, Defendant's Motion is denied.[2]

///

---

[1] Unless otherwise noted, subsequent references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[3]

Aoki, a physician licensed to practice in California, founded ADRI in 1986 to further his research in diabetes and metabolism. ADRI also provides some clinical care using an intravenous insulin therapy known as the MAT® treatment. Aoki is the sole inventor and developer of, and has received a patent for, the MAT® treatment. During and after development of the treatment, Aoki and ADRI developed trade secret know-how related to the use and application of the technology. Aoki also developed additional treatment-related methods and systems for which he obtained further patents.

Aoki alleges that he retained Gregory Gilbert ("Gilbert"), a California attorney, to act as his personal counsel. Gilbert then engaged in business transactions with Aoki and set up legal entities to exploit Aoki's technology, and Gilbert acted as counsel for those legal entities as well. Gilbert purportedly provided legal advice to Plaintiffs and drafted nearly every legal document for both the entities and for Aoki until dissolution of the relationship in 2002-2003.

Thereafter, Gilbert allegedly began to falsely assert that he, or entities with which he was affiliated, held all right, title, and interest in the MAT® treatment. Plaintiffs further allege that Gilbert acted in concert with the remaining Defendants to set up clinics that offer the MAT® treatment. Gilbert also allegedly made false and misleading statements to patients or would-be patients regarding the status and efficacy of the MAT® treatment as well as available payment options.

Defendant Diabetic Innovations, LLC ("Defendant"), is one of the clinics that Gilbert allegedly set up to offer the MAT® treatment. Plaintiffs claim Defendant operates a clinic in Sachse, Texas, that offers the MAT® treatment without Plaintiffs' permission.

///

---

[3] When ruling on a motion to dismiss for lack of personal jurisdiction, a court must resolve all disputed facts in favor of the plaintiff. Wash. Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 672 (9th Cir. 2012) (citing Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Accordingly, unless otherwise noted, the factual assertions in this section are based on the allegations in Plaintiffs' Complaint, (ECF No. 1).

Defendant claims that "both the Manager (Lancaster) and the Defendant have no contacts in California."  (ECF No. 7-2 at 3; see also ECF No. 7-1 at 3 ("Diabetic Innovations has no officers, directors (managers) or owners who reside or live even part time in California.").)  Plaintiffs allege that both Defendant's website and filings with the Texas Secretary of State indicate Defendant actually has six managers, one of which is Sacramento County resident Gilbert.  (ECF No. 87 at 2, 4, 5.)

## STANDARD

A judgment rendered in violation of due process is void, and due process requires that a defendant be subject to the personal jurisdiction of the court.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (citing Pennoyer v. Neff, 95 U.S. 714, 732-33 (1878); Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)).  In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant.  Wash. Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 671 (9th Cir. 2012) (citation omitted). However, when the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts" to withstand the motion to dismiss.  Id. at 672 (citing Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006)). The court resolves all disputed facts in favor of the plaintiff.  Wash. Shoe, 704 F.3d at 672.

When there is no federal statute authorizing personal jurisdiction, the district court applies the law of the state in which the district court sits.  Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011).  California Code of Civil Procedure section 410.10, California's long-arm statute, is "coextensive" with federal due process requirements.  Id.  Accordingly, the "jurisdictional analyses under state law and federal due process are the same."  Id.

///

There are two types of personal jurisdiction: general and specific. General jurisdiction exists when a defendant's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853 (2011) (citing Int'l Shoe, 326 U.S. at 318). Specific personal jurisdiction, on the other hand, exists when a defendant's "in-state activity is continuous and systematic and that activity gave rise to the episode-in-suit." Goodyear Dunlop Tires, 131 S. Ct. at 2853 (citing Int'l Shoe, 326 U.S. 317) (internal quotation marks omitted). However, "the commission of certain 'single or occasional acts' in a State may be sufficient to render a corporation answerable in that State with respect to those acts . . . ." Goodyear Dunlop Tires, 131 S. Ct. at 2853 (quoting Int'l Shoe, 326 U.S. 318).

## ANALYSIS

### A.   General Personal Jurisdiction

Plaintiffs contend that this Court has general personal jurisdiction over Defendant because Gilbert – allegedly one of Defendant's six managers – resides in Sacramento County. Plaintiffs cite to a decision in which the Ninth Circuit held, for purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). In addition to confusing personal jurisdiction with subject matter jurisdiction, Plaintiffs fail to recognize that the standard for establishing general jurisdiction is "fairly high." Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986). Plaintiffs have failed to make even a prima facie showing that Defendant has substantial "continuous corporate operations" within California. Accordingly, this Court does not have general personal jurisdiction over Defendant.

B.     **Specific Personal Jurisdiction**

The Ninth Circuit employs a three-part test to determine whether a non-resident defendant has sufficient minimum contacts to be subject to specific personal jurisdiction:

> 1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; 2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and 3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Wash. Shoe, 704 F.3d at 672.  If the plaintiff satisfies the first two elements, the burden shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable.  Id.

1.     **Effects Test**

A plaintiff may satisfy the first part of the minimum contacts test by demonstrating that the defendant "either purposefully availed itself of the privilege of conducting activities in the forum, or purposefully directed its activities at the forum." Id.  In cases sounding in tort, courts typically apply the purposeful direction or "effects test," which requires that the defendant have: 1) committed an intentional act, 2) expressly aimed at the forum state, 3) causing harm that the defendant knows is likely to be suffered in the forum state.  Id. at 673.  The effects test allows a court to exercise personal jurisdiction over a defendant who engages in an intentional act that causes harm in the forum state, even if that act takes place outside the forum state.  Id.; see also Goodyear Dunlop Tires, 131 S. Ct. at 2857 (citing Calder v. Jones, 465 U.S. 783, 788 (1984)) ("When a defendant's act outside the forum causes injury in the forum . . . a plaintiff's residence in the forum may strengthen the case for the exercise of specific jurisdiction.").

5

In <u>Washington Shoe</u>, the Ninth Circuit limited application of the effects test to the plaintiff's willful infringement claim "because that [was the plaintiff's] strongest basis for the exercise of jurisdiction" in the forum state. 704 F.3d 673. The Ninth Circuit elaborated: if the forum state had jurisdiction over the willful infringement claim, it could "exercise jurisdiction over the remaining claims, which are related." <u>Id.</u> (citing <u>Action Embroidery Corp. v. Atl. Embroidery, Inc.</u>, 368 F.3d 1174, 1180 (9th Cir. 2004)).[4] This Court, as <u>Washington Shoe</u> directs, therefore applies the effects test to Plaintiffs' willful infringement claim against Defendant.[5]

### a. Intentional Act

In the context of the effects test, the Ninth Circuit defines an intentional act as "an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." <u>Wash. Shoe</u>, 704 F.3d at 674. In <u>Washington Shoe</u>, the Ninth Circuit found that the defendant committed an intentional act "by intentionally engaging in the actual, physical acts of purchasing and selling the allegedly infringing boots . . . ." <u>Id.</u> Similarly in this case, Defendant committed an intentional act under the effects test by intentionally engaging in the actual, physical acts of opening the clinic in Sachse, Texas, and offering the MAT® treatment without Plaintiffs' permission. Thus, Plaintiffs satisfy the first element of the effects test.

///
///

---

[4] In <u>Action Embroidery Corp.</u>, the Ninth Circuit adopted the doctrine of "pendent personal jurisdiction," which grants a court personal jurisdiction over a defendant "with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." 368 F.3d at 1180 (citations omitted).

[5] Plaintiffs allege the following causes of action against Defendant Diabetic Innovations, LLC: patent infringement, copyright infringement, trade secret misappropriation, false and misleading advertising, and unfair competition. Plaintiffs further allege that the patent infringement is "intentional and willful." (ECF No. 1 at 25.)

                    b.      <u>Expressly Aimed at the Forum State</u>

The expressly aimed requirement is met when "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum." Id. at 675 (citations and internal quotations omitted). A plaintiff may satisfy the requirement even if the intentional act occurs entirely within one state. Id.[6] Here, Plaintiffs allege that Defendant opened the clinic in Sachse, Texas, "while fully aware that both Dr. Aoki and ADRI would suffer harm from that activity in California . . . ." (ECF No. 87 at 9.) Thus, Plaintiffs satisfy the "expressly aimed" requirement by alleging that Defendant engaged in wrongful conduct targeted at Plaintiffs with the knowledge that Plaintiffs would feel the impact in California. That Defendant's intentional act occurred in Texas is of no consequence in the analysis of the express aiming requirement.

                    c.      <u>Causing Harm in the Forum State</u>

The last element of the effects test requires that the defendant cause the harm that the defendant "knows is likely to be suffered in the forum state." Mavrix Photo, 647 F.3d at 1231. Here, Plaintiffs allege that Defendant's infringement of the Plaintiffs' patents has "caused and will continue to cause damage to [P]laintiffs . . . ." (ECF No. 1 at 25.) This allegation, coupled with the Court's conclusion that Defendant knew the harm would be suffered in California (see above), satisfies the third element of the effects test.

///

---

[6] "[W]here a defendant knows – as opposed to being able to foresee – that an intentional act will impact another state, the 'expressly aimed' requirement is satisfied." Wash. Shoe, 704 F.3d at 677. See also Amini Innovation Corp. v. JS Imps., Inc., 497 F. Supp. 2d 1093, 1105-08 (C.D. Cal. 2007) (finding that a district court in California had personal jurisdiction over out-of-state defendants when California corporation alleged willful infringement of copyright and design patents because, even though the defendants had no connection with California, defendants knew that plaintiff corporation was located in California.).

Because Plaintiffs have satisfied all three elements of the effects test, Plaintiffs have carried their burden with respect to the first part of the Ninth Circuit's specific personal jurisdiction analysis.

### 2.  Plaintiffs' Claim Arises Out of or Relates to Defendant's Forum-Related Activities

The second part of the specific personal jurisdiction analysis requires the plaintiff's claim to arise out of or relate to the defendant's forum-related activities. The Ninth Circuit applies a "but for" test to determine whether a claim arises out of or relates to a defendant's forum-related activities. Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995). Thus, Plaintiffs must show that they would not have suffered an injury but for Defendant's forum-related conduct. See Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001). In Panavision Int'l, L.P. v. Toeppen, the Ninth Circuit applied the "but for" test, and summarily reasoned: "Toeppen's registration of Panavision's trademarks as his own domain names on the Internet had the effect of injuring Panavision in California. But for Toeppen's conduct, this injury would not have occurred. Panavision's claims arise out of Toeppen's California-related activities." 141 F.3d 1316, 1322 (9th Cir. 1998), holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199 (9th Cir. 2006); see also Gordon v. DTE Energy, 680 F. Supp. 2d 1282, 1286 (W.D. Wash. 2010) ("A relationship to [the forum state] was established under the 'effects' test and need not be reestablished here. Plaintiff has made a prima facie case that her damages would not have arisen but for Defendant's alleged reporting failures.").

The present case is similar to Panavision, as Plaintiffs would not have suffered injury but for Defendant's intentional act of opening the clinic in Texas and offering the MAT® treatment without Plaintiffs' permission. This act had the effect of injuring Plaintiffs in California.

///

Because Plaintiffs' claims against Defendant are based on this single intentional act, Plaintiffs satisfy the second part of the specific personal jurisdiction analysis.

Plaintiffs have met their burden of establishing the first two parts of the Ninth Circuit's test for specific personal jurisdiction. Thus, the burden now shifts to Defendant to present a compelling case that this Court's exercise of personal jurisdiction would not be reasonable.

### 3. The Exercise of Personal Jurisdiction over Defendant is Reasonable

In determining whether the exercise of personal jurisdiction over a particular defendant is reasonable, the Ninth Circuit considers seven factors:

> (1) The extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1079 (9th Cir. 2011) (citation omitted). However, courts only analyze the factors that a defendant addresses. See, e.g., id. at 1079-80. Here, Defendant only challenges the second factor: the burden on the defendant of defending in the forum. Accordingly, the Court limits its analysis of reasonableness to that single factor.

In a signed declaration, Donald Lancaster claims he is the "sole Manager" of Defendant Diabetic Innovations, LLC, and that it "would be unreasonable to require [him] to go to Sacramento from Texas, over 1,700 miles, to defend [his] company." (ECF No. 7-1 at 2, 4.) Lancaster's argument is unpersuasive. First, the Ninth Circuit has observed that with "the advances in transportation and telecommunications and the increasing interstate practice of law, any burden of litigation in a forum other than one's residence is substantially less than in days past." CollegeSource, 653 F.3d at 1080

(citation and internal bracketing omitted).  Second, Plaintiffs contest the claim that Lancaster is the sole manager of Defendant Diabetic Innovations, LLC, and this Court must resolve disputed facts in favor of Plaintiffs.  Because Plaintiffs are correct that the Court must resolve disputed factual issues in Plaintiffs' favor, the Court finds, for purposes of this Order, that Gilbert, a California resident, is a manager of Defendant Diabetic Innovations, LLC.  Moreover, that Gilbert is serving as the attorney for Defendant Diabetic Innovations, LLC, in the present dispute (ECF No. 7-2 at 1) further demonstrates that defending the case in California is not a burden on Defendant.  Thus, Defendant has failed to establish that this Court's exercise of personal jurisdiction would be unreasonable.

Plaintiff has made a prima facie showing of jurisdictional facts, and Defendant has failed to make a compelling case that the exercise of personal jurisdiction would not be reasonable.  Accordingly, the Court has specific personal jurisdiction over Defendant.

## CONCLUSION

Application of the Ninth Circuit's three-part test demonstrates that this Court has specific personal jurisdiction over Defendant Diabetic Innovations, LLC.  The Court therefore DENIES Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 73.)

IT IS SO ORDERED.

DATED: April 2, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE