UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., et al., | No. 2:11-cv-02797-TLN-CKD |
| Plaintiffs, | |
| v. | **ORDER** |
| GREGORY FORD GILBERT, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Objection to Defendants' Motion Filed in Lieu of Answer [Docs. 138-143] and Ex Parte Request for Order that Defendants File Answers to First Amended Complaint ("Ex Parte Application"). (ECF No. 146.) Defendants opposed the Ex Parte Application. (ECF Nos. 148-49)  This Court denies Plaintiffs' Ex Parte Application, as detailed below, because Plaintiffs fail to demonstrate the need for ex parte relief, i.e., the need for an exception to the regular law and motion rules and procedures.

**BACKGROUND**

Through this action, Plaintiffs Thomas Aoki, M.D. and Aoki Diabetes Research Institute (collectively "Plaintiffs") allege a variety of claims arising from the development, patenting, and licensing of therapies intended for the treatment of diabetes.  Plaintiffs filed their initial complaint in October 2011 and named over a dozen defendants.  (ECF No. 1.)  Since then the parties have been involved in extensive pre-answer motion practice, including motions and

orders regarding dismissal, disqualification, and arbitration. (*See, e.g.*, ECF Nos. 6-11, 16-17, 41, 54-55, 67-68, 70-73, 91, 112-13, 118, 138-39, 143.)[1] Currently pending before this Court is Defendants' Motion to Dismiss Under Rule 12(b) (6); in the alternative, Motion for Summary Judgment Under Rule 56 ("Motion to Dismiss").[2] (ECF Nos. 138-43.) Through their Ex Parte Application, Plaintiffs (1) object to Defendants' Motion to Dismiss under Rule 12(g) and Rule 56(d); (2) request that the Court strike the Motion to Dismiss (or take it off calendar and re-notice as a motion under Rule 56); and (3) request that the Court order Defendants to file answers to the First Amended Complaint. Defendants oppose Plaintiffs' Ex Parte Application, arguing that the Court expressly permitted the Motion to Dismiss at issue in its order denying the motions without prejudice.

## LEGAL STANDARD

Eastern District of California Local Rule 230 requires that a moving party file and serve motion papers, and set a hearing date not less than 28 days after service and filing of the motion. An ex parte application is an exception to the notice procedure. *See White v. Cinemark USA Inc.*, No. Civ. S 04 397 GEB KJM, 2005 WL 3890635, at *1 (E.D. Cal. Apr. 27, 2005). This Court in *White* elaborated:

> [N]oticed motions should be the rule and not the exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant "ahead of the pack," without cause or justification. Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have, and should not be used as a way to "cut in line" ahead of those litigants awaiting determination of their properly noticed and timely filed motions.

*Id.* (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989)); *see*

---

[1] Without adopting the adversarial title, the Court finds helpful Plaintiffs' chart of motions filed with their Ex Parte Application. (ECF No. 146-1.)

[2] It also appears that Defendants Kunz's and MedEdCo, LLC's motion to dismiss under Rule 12(b)(2) (ECF Nos. 6, 9, 72) is still pending. Plaintiffs' request that the Court rule on that motion as soon as possible is well taken.

*also Philo v. Gamestop Corp.,* No. 2:11-cv-03135-GEB-KJN, 2012 WL 1521756, at *1 (E.D. Cal. Apr. 9, 2012) ("... Plaintiff fails to explain why he could not have made the arguments he now makes earlier in the case in a duly noticed manner.").

Accordingly, an ex parte application should address why the regular noticed motion procedures must be bypassed. *See Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). It also must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Id. cited approvingly in Manpower Inc. v. Slingshot Connections LLC*, No. 2:12-cv-01069 JAM KJN, 2012 WL 3561974, at *2 (E.D. Cal. Aug. 17, 2012). The reasons stated must be supported by deposition transcripts or by affidavits or declarations whose contents would be admissible if the deponents, affiants, or declarants were testifying in court; a statement "on information and belief" by the lawyer preparing the papers is insufficient. *Mission Power Engineering Co.*, 883 F. Supp. at 492.

## ANALYSIS

Here, Plaintiffs fail to address, let alone establish, why the regularly noticed motion procedures must be bypassed. Plaintiffs do not submit any affidavits or declarations in support of their Ex Parte Application. Plaintiffs do not explain why they could not make the arguments in their Ex Parte Application in their opposition to Defendants' Motion to Dismiss. For example, Plaintiffs argue that summary judgment should be delayed until more discovery has taken place. (ECF No. 146, 9:18-21 (citing Fed. R. Civ. P. 56(d)).) They provide no reason, however, why they must argue now instead of in accordance with a regular briefing schedule.

Nor have Plaintiffs established that they are completely without fault in creating the need for ex parte relief. In the original complaint Plaintiffs named over a dozen defendants. (ECF No. 1.) Later in March 2012, Plaintiffs added two more defendants (*see* ECF No. 60), and in September 2012, Plaintiffs added nine additional defendants (ECF No. 96). Unsurprisingly, the sheer number of defendants in this case, added at different stages, with overlapping motions, has affected the progress of this case. Plaintiffs can hardly be surprised that over two dozen defendants, added over different periods of time, might engage in extensive motion practice.

**CONCLUSION**

Plaintiffs' Ex Parte Application is DENIED. In denying Plaintiffs' Ex Parte Application, however, the Court expresses no opinion on the underlying merits of Plaintiffs' objections to Defendants' Motion to Dismiss. The Court only finds that Plaintiffs have not met the standard for justifying ex parte relief. Should Plaintiffs wish to challenge any aspects of Defendants' Motion to Dismiss, Plaintiffs may either file a duly noticed motion in compliance with the Local Rules or argue in opposition to Defendants' Motion to Dismiss.

Finally, the Court cautions the parties that abuse of the ex parte application procedure may result in this Court's imposition of sanctions on non-compliant parties.[3] *See* Fed. R. Civ. P. 11, 16; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); 28 U.S.C. § 1927. "It is rare that a lawyer's credibility is more on the line, more vulnerable, than when he or she has created this kind of interruption. Lawyers must understand that filing an ex parte motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Mission Power Engineering Co.*, 883 F. Supp. at 492.

**IT IS SO ORDERED.**

Dated: June 6, 2013

Troy L. Nunley
United States District Judge

---

[3] From a quick review of the docket, it appears that this is Plaintiffs' fifth ex parte request. (*See* Ex Parte Request for Order Shortening Time, ECF No. 14; Ex Parte Request by Plaintiffs to Take Motion to Compel Arbitration and Stay Proceedings Pending Arbitration [Doc 54] Off-Calendar, ECF No. 56; Ex Parte Application by Plaintiffs to Amend Complaint, ECF No. 60; Ex Parte Application by Plaintiffs to Amend Complaint, ECF No. 96.) The Court expresses no opinion on the underlying merits of Plaintiffs' ex parte requests.