UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., et al., | No. 2:11-cv-02797-TLN-CKD |
| Plaintiffs, | |
| v. | **ORDER** |
| GREGORY FORD GILBERT, et al., | |
| Defendants. | |

This matter is before the Court on Defendants Kunz and MedEdCo's motion to dismiss for lack of personal jurisdiction. (ECF Nos. 6, 9.) Plaintiffs oppose the motion (ECF No. 88) and Defendants filed a reply (ECF No. 92). For reasons set forth below the Court DENIES this motion.[1]

## BACKGROUND[2]

Plaintiffs Thomas Aoki, M.D. ("Aoki") and Aoki Diabetes Research Institute ("ADRI")

---

[1] The Court ordered this matter submitted on the briefs. (ECF No. 94.) *See* L.R. 230(g). The Court notes that the resolution of this motion has been delayed due to administrative docketing issues and general backlog. Notwithstanding the fact that the Eastern District of California is one of the busiest districts in the nation, the Court sincerely apologizes to the parties for the delay.

[2] Unless otherwise noted, factual assertions are based on the allegations in Plaintiffs' First Amended Complaint. (ECF No. 135.)

1

(collectively "Plaintiffs") allege several causes of action relating to the development, patent, and license of a diabetes treatment called metabolic activation therapy ("MAT treatment").

Plaintiff Aoki is a physician licensed to practice in California conducting research in diabetes and metabolism. ADRI is a non-profit medical research corporation that also provides clinical care of patients with metabolic disorders. ADRI treats patients using MAT treatment. Aoki and ADRI developed trade secrets related to the use and application of the technology used for the MAT treatment. Aoki also developed additional treatment-related methods and systems for which he obtained further patents. Aoki has granted only ADRI a license to use these patents, and has not provided a license to any other person or firm.

Aoki alleges that he retained Defendant Gregory Gilbert ("Gilbert") who is a California attorney to act as his personal counsel. Gilbert engaged in business transactions with Aoki and set up legal entities to further Aoki's technology, acting as legal counsel for those entities as well. Gilbert purportedly provided legal advice to Plaintiffs until dissolution of the relationship in 2002-2003. Thereafter, Gilbert began to assert that he, or entities with which he was affiliated, held all right, title, and interest in the MAT treatment.

Defendant Melanie Kunz ("Kunz") is an individual residing in the state of Arizona. Kunz was involved in a personal relationship with Gilbert. Through that personal relationship, Kunz became familiar with the MAT treatment. In or about 2002, Plaintiffs provided Kunz with limited training and access to information about the MAT treatment. Plaintiffs entrusted Kunz to maintain that information as confidential. However, Gilbert and Kunz have divulged information regarding the MAT treatment to other defendants in order to assist those defendants in opening and operating clinics in which the Plaintiffs' MAT treatment is impermissibly used. In 2004, Kunz founded Defendant MedEdCo, LLC ("MedEdCo") for the purpose of providing clinical support services to assist Gilbert and others in setting up clinics to offer the MAT treatment. MedEdCo is an Arizona limited liability company with its principal business in Arizona. Plaintiffs allege MedEdCo has a second office in Sacramento, California. Plaintiffs allege MedEdCo is, and at all times herein mentioned was, organized and operated as the alter ego of Kunz. (ECF No. 135 at ¶¶ 24-27.)

Plaintiffs allege Kunz and MedEdCo's direct participation in the opening of clinics to offer the MAT treatment constitutes ongoing infringement and tortious conduct. Plaintiffs bring nine claims for relief against various defendants, including the following claims for relief against Kunz and MedEdCo: (1) patent infringement; (2) copyright infringement; (3) trade secret misappropriation; (4) false and misleading advertising under the Lanham Act; (5) false and misleading advertising under California Business and Professions Code § 17500; (6) unfair competition under the Lanham Act; and (7) unfair competition and unfair business practices under the California Business and Professions Code § 17200.

Defendants have denied Plaintiffs' allegations, and Kunz and MedEdCo bring this motion to dismiss for lack of personal jurisdiction. For the reasons set forth below, their motion is DENIED.

**LEGAL STANDARD**

A judgment rendered in violation of due process is void, and due process requires that a defendant be subject to the personal jurisdiction of the court. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citing *Pennoyer v. Neff*, 95 U.S. 714, 732–33 (1878)).

When there is no federal statute authorizing personal jurisdiction, the district court applies the law of the state in which the district court sits. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). California's long-arm statute, is coextensive with federal due process requirements. Cal. Civ. Proc. Code § 410.10. Accordingly, the "jurisdictional analyses under state law and federal due process are the same." *Mavrix Photo,* 647 F.3d at 1223 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (2004)).

There are two types of personal jurisdiction: general and specific. General jurisdiction exists when a defendant's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). Specific personal jurisdiction, on the other hand, exists when the suit arises out of or relates to the defendant's contacts with a forum. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408, 414 n. 8 (1984); *Int'l Shoe*, 326 U.S. at 316 ("due process requires only that in order to subject a

3

defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'") (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671–72 (9th Cir. 2012). However, when the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)) (internal quotation marks omitted). The court resolves all disputed facts in favor of the plaintiff. *Id.* at 672.

**ANALYSIS**

Plaintiffs do not argue that Kunz and MedEdCo have substantial "continuous corporate operations" within California. Accordingly, this Court need only examine whether it can exercise specific personal jurisdiction over Kunz and MedEdCo.

The Ninth Circuit employs a three-part test to determine whether a non-resident defendant has sufficient minimum contacts to be subject to specific personal jurisdiction: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Wash. Shoe*, 704 F.3d at 672 (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)). If the plaintiff satisfies the first two elements, the burden shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011)) (internal quotation marks omitted).

The Court finds that Kunz meets the first and second prong of the three-part test. It is

undisputed that Kunz physically traveled to Sacramento, California, in 2002 to meet with Gilbert and Aoki regarding the MAT therapy. (Mendoza Decl. Ex. 8, ECF No. 90-8 at 26:10–27:20; 33:11–34:25.) Kunz further admits that she communicated with Aoki 20 to 30 times from November 2002 to June or July 2003. (ECF No. 90-8 at 34:11–25.) Kunz also admits that she continued to drive to Sacramento to work with Mike Bradley, an associate of Aoki's. Kunz would call Bradley on multiple occasions, ask him questions, and observe his work with patients at the ADRI clinics in Sacramento. (ECF No. 90-8 at 42:12–43:9.) Plaintiffs allege that Kunz used this information to assist Defendant Gilbert in opening and operating clinics all across the country, including in California, in violation of federal and California law. (ECF No. 135.) Kunz admits that she had contacts with California and California residents but disputes that she assisted with the opening and operation of other clinics. However, the Court is obligated to resolve differences in Plaintiffs' favor.

With respect to the second prong, the Court finds that Plaintiffs' claims against Kunz arise out of her contacts with California. Kunz allegedly opened and operated clinics all across the country, including in California, in violation of federal and California law, using the training and information provided to her during her visits to California and her communication with California residents. It was during those visits and communications that Kunz purportedly learned about the MAT treatment; that information is the basis of Plaintiffs' claims e.g., that Kunz misappropriated trade secrets and infringed on Plaintiffs' patents and copyrights. Therefore, Plaintiffs' claims arise out of Kunz's contacts with California residents and visits to California.

Defendants argue that Kunz's contacts with California are too attenuated to support the exercise of personal jurisdiction. However, the Ninth Circuit has held that prior acts in California that occurred over 40 years ago may still provide the necessary predicate for personal jurisdiction. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 865–66 (9th Cir. 2003); *cf. Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 778 (1984) (holding that district courts should consider the applicability of statute of limitations only after personal jurisdiction is established).[3] Here,

---

[3] The Court expresses no opinion with respect to whether any applicable statutes of limitations have run.

5

1  because Kunz's alleged acts occurred several years ago in 2002, which is still fewer years than
2  the defendant's contacts in *Mattel*, the Court finds that they are not too attenuated to support the
3  exercise of personal jurisdiction over her.
4      Indeed, the allegations here are far beyond the minimum contacts needed to establish
5  personal jurisdiction. In *Calder v. Jones*, 465 U.S. 783, 789–90 (1984), for example, the Supreme
6  Court held that the minimum contacts requirement is satisfied even by a defendant whose only
7  contact with the forum state is the purposeful direction of a foreign act having effect in the forum
8  state. Here, however, it is undisputed that Kunz had much more substantial contacts with
9  California, traveling in person to communicate with Gilbert and Aoki and to receive training on
10 several occasions.
11     With respect to the third prong, the Court also finds that the exercise of jurisdiction over
12 Kunz is reasonable.[4] Plaintiffs' allegations, if true, indicate that Kunz visited California, obtained
13 information regarding the MAT treatment, and then improperly used that information to open
14 clinics using the MAT treatment across the nation. California therefore has a strong interest in
15 adjudicating these alleged claims here. The Court also notes that Plaintiffs and many of the other
16 Defendants in this action are individuals and entities who are California residents. Therefore, the
17 efficient judicial resolution of this dispute and Plaintiffs' interest in convenient and effective
18 relief weigh in favor of exercising jurisdiction. While the Court is sympathetic to the burden on
19 Kunz and acknowledges the existence of an alternative forum in Arizona, it is undisputed that
20 Kunz purposely traveled to California and communicated with California residents in effort to
21 learn more about the MAT technology; Kunz's use of that knowledge is precisely what is at issue
22 in this case. Therefore, the Court finds that the exercise of personal jurisdiction over Kunz is

---

[4] In determining whether the exercise of personal jurisdiction over a particular defendant is reasonable, the Ninth Circuit considers seven factors: "(1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *CollegeSource*, 653 F.3d at 1079 (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002).

1  reasonable.

2  With respect to MedEdCo, Plaintiffs have alleged MedEdCo is the alter ego of Kunz.
3  (ECF No. 135 at ¶¶ 24-27.) "[I]f a corporation is the alter ego of an individual defendant . . . the
4  Court may 'pierce the corporate veil' jurisdictionally and attribute 'contacts' accordingly." *ADO*
5  *Finance, AG v. McDonnell Douglas Corp.*, 931 F. Supp. 711, 715 (C.D.Cal. 1996); *see also Flynt*
6  *Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394–95 (9th Cir. 1984).  Here, Plaintiffs allege
7  that Kunz exercised total dominion and control over MedEdCo; operated the company out of her
8  personal residence; is the controlling member of MedEdCo; intermingled her personal and
9  financial affairs with MedEdCo; failed to observe and comply with the statutory formalities; and
10 inadequately capitalized MedEdCo.  Defendants Kunz and MedEdCo do not refute these
11 allegations.  Therefore, the Court must accept these uncontroverted allegations as true for
12 purposes of this motion, and for the same reasons above finds that it can exercise jurisdiction over
13 MedEdCo.

14 For the reasons set forth above, Defendant Kunz and MedEdCo's motion to dismiss is
15 DENIED.

16 **IT IS SO ORDERED.**

17 Dated: April 15, 2014

Troy L. Nunley
United States District Judge