UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY FORD GILBERT, et al., <br><br> Defendants. | No. 2:11-cv-02797-TLN-CKD <br><br><br> **ORDER** |

     This matter is before the Court on stipulation filed by Plaintiffs Thomas Aoki and Aoki Diabetes Research Institute (hereinafter referred to as "Plaintiffs") and Defendants Health Innovations, LP, ACSRC, LLC, Shuyuan "Sherry" Tang, and Cheng Shao (hereinafter referred to as "Stipulating Defendants"). Plaintiffs and Stipulating Defendants (hereinafter referred to as "Stipulating Parties") filed a Stipulation, Consent Judgment, Permanent Injunction and Proposed Order. (ECF No. 167.) In this document, the Stipulating Parties set forth several preamble paragraphs and agree that the Stipulating Defendants are enjoined from engaging in certain activities with respect to the metabolic activation treatment therapy at issue in this action.

     Defendants Gregory Ford Gilbert, Bionica, Inc., Bionica International, Inc., Trina Health, LLC, and Trina Health of Newport Beach, LLC (hereinafter referred to as "Objecting Defendants") filed objections to the stipulation. (ECF No. 168.) Objecting Defendants argue that the stipulation impermissibly attempts to resolve disputed factual and legal issues. The Objecting

Defendants request that the parties be "required to be clear that the agreement is between the parties and the factual and legal conclusions it contains are not those of this Court." (ECF No. 168 at 4:24–5:2.)

Plaintiffs filed a response to the objections (ECF No. 172) in which they concede that "the Stipulation, Consent Judgment and Permanent Injunction and Order (Proposed) does not apply to Defendant Gilbert or any other defendant other than the Hayward Clinic Defendants, and would have no impact upon any other defendant[.]" (ECF No. 172 at 1:24–26.) Plaintiffs further concede that "the stipulated facts are not 'res judicata' and there is no issue preclusion that would prohibit the remaining defendants from presenting what they may believe is contrary evidence at the time of trial." (ECF No. 172 at 2:15–17.)[1]

The Court agrees with Objecting Defendants that the paragraphs in the stipulation are improper insofar as they purport to stipulate to facts and legal issues that remain disputed among the remaining non-stipulating parties. The Court also agrees with Plaintiffs that the stipulation can be construed in such a way so that it does not apply to any other Defendants in the action. However, the current stipulation before this Court is not so limited. Therefore, the Court declines to approve the parties' stipulation at this time. *See Molski v. Gleich*, 318 F.3d 937, 946 (9th Cir. 2003) ("a district court cannot unilaterally modify the provisions of a consent decree through its order approving the proposed decree"), *overruled on other grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 617 (9th Cir. 2010) (en banc). This order is without prejudice to the Stipulating Parties should they wish to file a revised stipulation that addresses the issues identified in this order.[2]

---

[1] Plaintiffs also argue that Defendant Trina Health, LLC cannot participate in any aspect of the litigation due to its failure to remain in good standing with the State of California. (ECF No. 171). Objecting Defendants filed a reply in which they state that Defendant Trina Health, LLC converted to a partnership and moved to Nevada. (ECF No. 173.) Given the Court's refusal to approve the stipulation based on other Defendants' objections, the Court need not decide this issue at this juncture. Should the parties wish to address this argument further, they shall move for relief pursuant to a duly noticed motion in accordance with this Court's pretrial orders, the Local Rules of this Court, and the Federal Rule of Civil Procedure.

[2] In effort to avoid further protracted law and motion practice, the Court orders the Stipulating Parties to meet and confer with the Objecting Defendants prior to filing any revised stipulation.

**IT IS SO ORDERED.**

Dated: May 30, 2014

                                Troy L. Nunley
                                United States District Judge