JOANNA R. MENDOZA (SBN 148320)
LAW OFFICES OF JOANNA R. MENDOZA, P.C.
P.O. Box 2593
Granite Bay, CA 95746
(916) 781-7600
(916) 781-7601 FAX
jmendoza@theiplawfirm.com

Attorneys for Plaintiffs THOMAS T. AOKI, M.D., and AOKI DIABETES RESEARCH INSTITUTE

MARCUS DANIEL MERCHASIN (SBN 55927)
Attorney and Counselor at Law
582 Market Street, Suite 1400
San Francisco, CA 94104
(415) 678-2700
(415) 520-0426 FAX
marcusmerchasin@att.net

Attorney for Defendants HEALTH INNOVATIONS, LP, ACSRC, LLC, SHUYUAN "SHERRY" TANG, and CHENG SHAO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., an individual, and AOKI DIABETES RESEARCH INSTITUTE, a California Non-Profit Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY FORD GILBERT, an individual; BIONICA, INC., a Nevada corporation, et al.<br><br>Defendants. | CASE NO. 2:11-CV-02797-TLN-CKD<br><br>**STIPULATION, CONSENT JUDGMENT, PERMANENT INJUNCTION, AND ORDER** |

This Stipulation, Consent Judgment and Permanent Injunction ("Consent Judgment") is entered into by and between Plaintiffs THOMAS T. AOKI, M.D., and AOKI DIABETES RESEARCH INSTITUTE (hereinafter collectively referred to as "Plaintiffs") and Defendants HEALTH INNOVATIONS, LP, ACSRC, LLC, SHUYUAN "SHERRY" TANG, and CHENG SHAO (hereinafter collectively referred to as "Hayward Clinic Defendants"), subject to approval by the Court.

WHEREAS, on October 24, 2011, Plaintiffs initiated this action against the Hayward Clinic Defendants and others alleging claims for Patent Infringement, Copyright Infringement, Trade Secret Misappropriation, False and Misleading Advertising under the Lanham Act (15 U.S.C. §1125(a)(1)) and Cal. Bus. & Prof. Code §17500, and Unfair Competition under the Lanham Act (15 U.S.C. §1125(a)) and Cal. Bus. & Prof. Code §17200.

WHEREAS, the basis of Plaintiffs' claims against the Hayward Clinic Defendants arise from the operation of a clinic at 22455 Maple Court, #304, Hayward, California 94541 (the "Hayward Clinic"), from which the Hayward Clinic Defendants provided treatment to patients known as Metabolic Activation Therapy ("MAT® Treatment"), later referred to by the Hayward Clinic Defendants as "Artificial Pancreas Therapy," which the Hayward Clinic Defendants acknowledge involved the use of the following U.S. Patents: No. 6,579,531 (the "531 patent"); No. 6,582,716 (the "716 patent"); No. 6,613,342 (the "342 patent"); No. 6,613,736 (the "736 patent"); No. 6,821,527 (the "527 patent"); No. 6,967,191 (the "191 patent"); and No. 7,692,351 (the "351 patent").

WHEREAS, the Hayward Clinic Defendants wish to conclude this litigation with Plaintiffs at the initial pleading stage without contesting the action, nor the validity or enforceability of any claims of the patents at issue in this proceeding; and

WHEREAS, Plaintiffs and the Hayward Clinic Defendants, through their respective counsel, hereby agree to entry of this Consent Judgment;

NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED AND ADJUDGED, AS TO THE HAYWARD CLINIC DEFENDANTS:

1. This is an action for Patent Infringement, Copyright Infringement, Trade Secret Misappropriation, False and Misleading Advertising under the Lanham Act (15 U.S.C. §1125(a)(1)) and Cal. Bus. & Prof. Code §17500, and Unfair Competition under the Lanham Act (15 U.S.C. §1125(a)) and Cal. Bus. & Prof. Code §17200.

2. With respect to the patent, copyright and Lanham Act claims this Court has original and/or exclusive subject matter jurisdiction over the subject matter of this action and the Hayward Clinic Defendants under 28 U.S.C. §§ 1331 and 1338(a) and (b). The Court has

supplemental jurisdiction with respect to the California Business & Professions Code based claims pursuant to 28 U.S.C. § 1367(a). Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. The Hayward Clinic Defendants admit that Plaintiff Dr. Aoki is the owner of all right, title and interest in and to the 531 patent, the 716 patent, the 342 patent, the 736 patent, the 527 patent, the 191 patent, and the 351 patent.

4. The Hayward Clinic Defendants do not contest that all of the claims of the 531 patent, the 716 patent, the 342 patent, the 736 patent, the 527 patent, the 191 patent, and the 351 patent are valid and enforceable.

5. During the operation of their Hayward Clinic, the Hayward Clinic Defendants admit that they made, used, sold, or offered for sale the MAT® Treatment technology described in the 531 patent, the 716 patent, the 342 patent, the 736 patent, the 527 patent, the 191 patent, and the 351 patent.

6. The Hayward Clinic Defendants have ceased all operations and permanently closed the Hayward Clinic, ceased all MAT® Treatments, whether directly or indirectly, and ceased all other day-to-day operations of the Hayward Clinic.

7. Effective as of the date this Consent Judgment is entered by the Court, the Hayward Clinic Defendants and any and all of their agents, representatives, subsidiaries, directors, principals, officers, successors, assigns, and all others acting in concert or participation with them and not named separately in the Action (in other words, this does not apply to any other named defendant in this action), are hereby permanently enjoined and restrained from engaging in any of the following activities:

(a) making, using, offering to sell, or selling within the United States, or importing into the United States (either directly, indirectly) any of the MAT® Treatment technology described within the 531 patent, the 716 patent, the 342 patent, the 736 patent, the 527 patent, the 191 patent, or the 351 patent.

(b) teaching others how to perform the MAT® Treatment;

(c) sharing information, copyrighted material or trade secrets with any third-parties

regarding the MAT® Treatment technology;

(d) providing medical data, patient/medical records, or other information kept at the Hayward Clinic to any third-parties or any other defendant named in this action (except as required by law);

(e) billing insurance companies and Medicare for MAT® Treatments performed by the Hayward Clinic Defendants at any of their facilities and making any further attempts to collect payment from insurance or Medicare for those treatments;

(f) writing any books, articles, letters, blogs, social media posts, or any other writing about the MAT® Treatment;

(g) making media presentations, participating in speaking engagements, presenting lectures or educational sessions on the subject of the MAT® Treatment;

(h) acting as an advisor or consultant to investors, patients or any member of the public on the subject of the MAT® Treatment;

(i) visiting senior citizens' groups or senior housing facilities to discuss the MAT® Treatment;

(j) engaging in any form of fundraising to provide the MAT® Treatment or to open clinics that will provide the MAT® Treatment; and

(k) profiting in any manner with respect to the MAT® Treatment.

(l) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (k) above.

8. Plaintiffs and the Hayward Clinic Defendants shall bear their own costs and attorneys fees.

9. This Consent Judgment constitutes a final judgment concerning the subject matter of this action as between the Plaintiffs and the Hayward Clinic Defendants identified on page 1.

10. Plaintiffs and the Hayward Clinic Defendants waive any right to appeal from this Consent Judgment.

11. Upon entry of this Consent Judgment, this case is closed as to the Hayward Clinic Defendants only; provided, however, that this Court shall retain jurisdiction to enforce the terms

and provisions of this Consent Judgment and the permanent injunction stipulated to herein.

SO STIPULATED AND CONSENTED:

DATED: August 19, 2014

/s/ Joanna R. Mendoza
JOANNA R. MENDOZA
Attorney for Plaintiffs

DATED: August 19, 2014

/s/ Marcus D. Merchasin
MARCUS D. MERCHASIN
Attorney for the Hayward Clinic Defendants

**IT IS SO ORDERED.**

Dated: August 25, 2014

Troy L. Nunley
United States District Judge