JOANNA R. MENDOZA, (Cal. State Bar No. 148320)
LAW OFFICES OF JOANNA R. MENDOZA, P.C.
P.O. Box 2593
Granite Bay, CA 95746
(916) 781-7600
(916) 781-7601 FAX
jmendoza@theiplawfirm.com

Attorneys for Plaintiffs and Counterdefendants
THOMAS T. AOKI, M.D., and
AOKI DIABETES RESEARCH INSTITUTE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., an individual, and AOKI DIABETES RESEARCH INSTITUTE, a California Non-Profit Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY FORD GILBERT, an individual; BIONICA, INC., a Nevada corporation, et al.<br><br>Defendants. | CASE NO. 2:11-CV-02797-TLN-CKD<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANT TRINA HEALTH, LLC'S SUPPLEMENTAL FILING IN OPPOSITION TO MOTION TO STRIKE AND FOR DEFAULT** |
| AND RELATED COUNTERCLAIM | Date: December 11, 2014<br>Time: 2:00 pm<br>Courtroom: 2, 15th Floor |

Plaintiffs THOMAS T. AOKI, M.D., and AOKI DIABETES RESEARCH INSTITUTE do hereby object to the Defendant TRINA HEALTH, LLC'S Supplemental filing [Doc. 211] filed on December 8, 2014, on several bases as follows:

1) As stated at the beginning of Plaintiffs' reply brief, Plaintiffs object to any filing being made by defendant Trina Health, LLC, insofar as that defendant is "suspended" and "not in good standing" rendering it without the power, right or privilege of litigating in the courts, including the federal courts, of the State of California. The scope of that prohibition covers "*any litigation activities,*" such that the only filing that could properly

be made with this Court is one establishing that defendant Trina Health, LLC, was actually in "good standing" and that its rights, powers and privileges had been revived by the State of California. By this filing plaintiffs do not intend to waive that objection.

Nothing in defendant Trina Health's supplemental filing indicates that the defendant, the California entity, is now in good standing. All that the California entity has done has submitted documents establishing that the plaintiffs have educated the Nevada entity that it was required to register as a foreign entity with the Secretary of State – something it had not done until December 1, 2014, two weeks after the plaintiffs filed their motion and *after* the opposition brief was filed by the defendant claiming that it had already done so.

2) Defendant's supplemental filing is not what it purports to be and is, instead, a sur-reply brief filed without the permission of the Court and should be stricken as a document filed in violation of Eastern District Local Rule 230. That Rule provides that all opposition papers to a motion "shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Several issues are raised by the filing that would require a full opportunity to brief

   a. The document missing from Mr. Gilbert's declaration filed on November 25, 2014 [Doc. 207-1], was described as a "cancellation" of the California entity. Gilbert described it as a document that reflected "effective as of January 1, 2014, the entity was cancelled (dissolved) by vote of all members," and further stating that "Trina Health LLC (of Nevada) did not form until more than one month after Trina Health LLC (of California) was cancelled, thereby making no overlap possible." [Doc. 207-1, Gilbert Declaration ¶¶4, 9.] Paragraph 8 stated that "attached hereto is a copy of the Cancellation." It was not attached. Attached hereto is a current copy of the Secretary of State's website reflecting a search done using the name "Trina Health" for limited liability companies. It is current as of December 9, 2014. It shows that both entities exist at the same time, contradicting the argument that no overlap is possible.

b. There is still no "Cancellation" document is attached to the Supplemental filing submitted to the Court on December 8, 2014. [Doc. 211]. In fact, not just one document is attached, but *three* documents are included. One document is called a "Plan of Merger[1]," and the terms of that document directly contradict the language of the Gilbert declaration filed on November 25, 2014, by indicating that both entities overlapped in time. In fact there is a signature for Trina Health, LLC, a Nevada company, dated December 30, 2013, even though Mr. Gilbert stated that the entity never existed until at least one month after January 1, 2014.

c. There is no validity to a merger document that is done in violation of California law insofar as a California entity cannot be moved to Nevada (by registering as a new entity) without first being "cancelled" as a California entity. This argument was made in the moving papers. However, by failing to provide this document with the original opposition brief the defendant did not provide the plaintiffs with the opportunity to fully research and brief the matter for the Court. Therefore, the defendant's rule violation has deprived the plaintiffs the rights and opportunities that are afforded them under Local Rule 230, to the plaintiffs' prejudice.

d. The two additional documents filed in addition to the "Plan of Merger" have nothing whatsoever to do with the defendant Trina Health, LLC (California entity). Rather, one document is the application of the Nevada entity submitted to the Secretary of State on December 1, 2014, to register a foreign entity. The other is the actual certificate of registration issued on December 5, 2014. These were documents created *after* the defendant filed its opposition on November 25, 2014, when Mr. Gilbert stated in his declaration dated that same date that "Trina Health

---

[1]/ This document contradicts the declaration of Mr. Gilbert filed in opposition to the motion and dated November 25, 2014, which states "[t]here is no justifiable or admissible evidence known to exist that suggest that the prior California company (a partnership by LLC) is the same as the current Trina Health LLC of Nevada, and thus it is proper to assume that the subject motion is made in bad faith, without any admissible evidence, and a waste of the Court and Counsel's time." [Doc. 207-1, ¶11]

LLC (Nevada) has in fact done all necessary acts to register in the State of California." [Doc. 207-1, ¶8.] The California Secretary of State's registration certificate provides that "on the 1st day of December, 2014, TRINA HEALTH LLC, complied with the requirements of California law…for the purpose of registering to transact intrastate business in the State of California." [Doc. 211-1, p.8] It appears that the opposition papers were inaccurate when they stated that the Nevada had registered in California as of November 25th. There is also, of course, the additional legal argument that cannot be fully discussed here regarding whether the Nevada entity could even be formed so long as the California entity had not been cancelled due to failing to pay its franchise taxes.

3) Plaintiffs object to section 1 of the "Reply to Missing Supplemental Material" as it misstates what is attached as exhibits to the document. There is no "Certificate of Good Standing" attached to the filing. Furthermore, there is no defendant in this action known as Trina Health, LLC, a Nevada limited liability company, making any documents with respect to that alleged entity's standing with California irrelevant to the plaintiffs' pending motion and providing further basis to strike the filing.

4) Plaintiffs object to section 2 of the "Reply to Missing Supplemental Material" as it merely provides additional argument that is not supported by evidence and is, rather, often contradicted by the Declarations of Gregory Ford Gilbert that was filed on November 25, 2014 [207-1], and the documents from the California Secretary of State and Franchise Tax Board. For example, the Secretary of State has clearly indicated that the defendant was suspended by the Franchise Tax Board on February 3, 2014 [Doc. 205-4], and not on April 15, 2014, as claimed in the Supplemental filing [Doc. 211, p.3:9]. In addition, defendant continues to falsely claim that has dissolved and filed a cancellation with the California Secretary of State [Doc. 211, p.3:7-8]; however, no such cancellation filing has ever been provided nor does that alleged cancellation appear on the records of the Secretary of State [Doc. 205-1 to 205-4]. Finally, defendant falsely asserts in this section that on November 20, 2014, it has obtained a certificate of good standing from the

California Secretary of State. [Doc. 211, p. 3:14-15.] No such certificate of good standing has been provided, nor can it be provided, as the Secretary of State and Franchise Tax Board continue to indicate that the defendant Trina Health, LLC, a California entity, has been and continues to be suspended since February 3, 2014, pursuant to the California Revenue and Taxation Code. [Doc. 205 to 205-4.]

This objection is longer than the actual Supplemental filing, but the plaintiffs are troubled not just by the timing of the filing but by its content. There is much to object to, and it could not be ignored given the many contradictions in evidence and ongoing effort by the defendant to seek sanctions against the plaintiffs for a motion which is becoming more well-founded rather than less so.

For the reasons set forth herein, the plaintiffs would request that the Court not give consideration to the improper supplemental filing by the defendant. However, should the court decide to do so, it is requested that these objections be given serious consideration in return.

Respectfully submitted,

DATED: December 10, 2014 LAW OFFICES OF JOANNA R. MENDOZA, PC

___/s/ Joanna R. Mendoza_________
Attorney for Plaintiffs and Counterdefendants