UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., et al., | No. 2:11-CV-02797-TLN-CKD |
| Plaintiffs, | |
| v. | **ORDER TO SHOW CAUSE** |
| GREGORY FORD GILBERT, et al., | |
| Defendants. | |

The matter is before the Court on the Motion to Strike and Dismiss Counterclaims (ECF No. 203) submitted by Plaintiffs Thomas Aoki ("Aoki") and Aoki Diabetes Research Institute ("ADRI") (collectively "Plaintiffs"). Defendant Trina Health, LLC ("Defendant") filed an Opposition to the Motion. (ECF No. 207.) For the reasons set forth below, the Court reserves ruling on Plaintiffs' motion and orders Defendant to submit proof of valid registration with the California Secretary of State to this Court within 30 days of the entry of this order.

Plaintiffs argue that Defendant is a California domestic limited liability company whose registration has been suspended by the State of California since February 3, 2014. (ECF No. 204 at 1.) Plaintiff states that, because Defendant lacks good standing within California, the Court must strike Defendant's answer, enter default judgment against it, and dismiss any counterclaims it filed. (ECF No. 204 at 2.) Defendant responds that it has dissolved its California limited liability company ("LLC") and Defendant now exists as a new entity in Nevada. (Gilbert Decl. in

1

Supp. of Opp'n to Pls.' Mot. to Strike, ECF No. 207-1.)  Both parties' legal arguments on this issue are muddled and misdirected.  Therefore, the Court simply states its findings based on the law, without individually addressing each party's argument.

To begin, an LLC's capacity to sue in federal court is determined "by the law of the state where the court is located."  *See* Fed.R.Civ.P. 17(b)(3); *Global BTG LLC v. Nat'l Air Cargo, Inc.*, No. CV 11–1657 RSWL (JCGx), 2011 WL 2672337, at *1 (C.D. Cal. June 29, 2011) ("the law of the state in which the district court is located should be applied in determining whether a LLC has capacity to sue or be sued") (citing *Albers v. Guthy–Renker Corp.*, 92 F. App'x. 497, 499 (9th Cir. 2004)).  Therefore, the Court looks to California law with respect to Plaintiff's capacity to sue in federal court.

Before transacting intrastate business in California, the business must first qualify or register with the California Secretary of State.  Cal. Corp. Code § 2105(a) ("A foreign corporation shall not transact intrastate business without having first obtained from the Secretary of State a certificate of qualification.")  Both parties agree that Defendant transacts business in California.  (ECF No. 204 at 4 and ECF No. 207-1 at 3.)  "A foreign limited liability company that enters into repeated and successive transactions of business in this state, other than in interstate or foreign commerce, is considered to be transacting intrastate business in this state within the meaning of this article."  Cal. Corp. Code § 17708.03(a).  Defendant states that it operates an active clinic at 4441 Auburn Blvd., Suite J, Sacramento, CA 95841, wherein it treats patients.  (ECF No. 207-1 at 3.)  Therefore, the Court finds that Defendant is a foreign limited liability company that must register and be in good standing with the California Secretary of State.[1]

Any organization, regardless of its structure or citizenship, must be current with respect to its California taxes.  Cal. Rev. & Tax. Code § 23301; *see also Grell v. Laci Le Beau Corp.*, 87 Cal.Rptr.2d 358, 363 (Cal.Ct.App.1999); *Timberline, Inc. v. Jaisinghani*, 64 Cal.Rptr.2d 4, 6 (Cal.Ct.App.1997).  The California Secretary of State indicates that Defendant's registration

---

[1] The parties dispute whether Defendant is a Nevada LLC or a California LLC.  (ECF No. 203 at 1 and ECF No. 207 at 3.)  However, the outcome of this Order is not affected by statehood of the LLC.  Cal. Rev. & Tax. Code § 23301 (Any organization, regardless of its structure or citizenship, must be current with respect to its California taxes.).  Therefore, for purposes of this Order, the Court assumes, but does not decide, that Defendant is a Nevada LLC and a foreign limited liability company under California law.

status is "FTB Suspended," meaning that the registration was suspended by the California Franchise Tax Board due to failure to meet tax requirements.[2] California Secretary of State, Business Search – Field Descriptions and Status Definitions, http://www.sos.ca.gov/business-programs/business-entities/cbs-field-status-definitions/ (last visited September 24, 2015). "A foreign limited liability company transacting intrastate business in this state shall not maintain an action or proceeding in this state unless it has a certificate of registration to transact intrastate business in this state." Cal. Corp. Code § 17708.07(a). *See also Albers v. Guthy-Renker Corp.*, 92 F. App'x 497, 499 (9th Cir. 2004). However, "[t]he failure of a foreign limited liability company to have a certificate of registration to transact intrastate business in this state does not impair the validity of a contract or act of the foreign limited liability company or prevent the foreign limited liability company from defending an action or proceeding in this state." Cal. Corp. Code § 17708.07(b). California code makes clear that, based on Trina Health LLC's suspended registration, Defendant is not entitled to "maintain an action or proceeding," but is allowed to defend against an action or proceeding. Cal. Corp. Code § 17708.07(a)-(b).

However, the California Corporate Code does not indicate whether a Defendant's counterclaims are considered to be an "action or proceeding" or a defense against a pending litigation. For this reason, the Court reserves ruling on whether Defendant's counterclaims could be considered an "action" under Cal. Corp. Code § 17708.07(a). Instead, the Court orders Defendant to submit proof of its reinstated registration within 30 days of the entry of this Order. If Defendant fails to submit evidence of proper registration with the California Secretary of State, the Court will order both parties to submit further briefing strictly on the issue of whether Cal. Corp. Code § 17708.07 permits the Court to retain Defendant's counterclaims.

IT IS SO ORDERED.

Dated:  September 28, 2015

Troy L. Nunley
United States District Judge

---

[2] Defendant offers its County of Sacramento General Business License as proof of its registration and good standing in California.  (ECF No. 207-1 at 8.)  However, the County of Sacramento is not equivalent to the California Secretary of State.  Therefore, Defendant's support is insufficient.