UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., et al., | No. 2:11-CV-02797-TLN-CKD |
| Plaintiffs, | |
| v. | **ORDER DISMISSING THIRD PARTY DEFENDANTS** |
| GREGORY FORD GILBERT, et al., | |
| Defendants. | |

The matter is before the Court on Defendants' Gregory Ford Gilbert, Bionica, Inc., Bionica Int'l, LLC, Trina Health, LLC, Trina Health of Newport Beach, LLC, Melanie J. Kunz, Mededco, LLC, Diabetic Innovations, LLC, Michael R. McCarthy, Marc R. Rose, Kevin J. Buckman, Timothy Tight, Faising S. Chui, Diabetic Life Pulse of Louisiana, LLC, Limi Management, Inc., Diabetic Life Pulse, Inc., Life Pulse Health, LLC, John D. Mullen, Glenn A. Wilson, Richard L. Girard, and David S. Bradley (hereinafter "Defendants") Counterclaim and Third Party Claim against University of California, Davis ("UCD") and University of California Davis School of Medicine ("UCDSOM"). (ECF No. 192-1.) For the reasons set forth below, the Court hereby dismisses Third Party Defendants UCD and UCDSOM.

On September 15, 2014, Defendants filed their Answer to Plaintiffs' Thomas Aoki ("Aoki") and Aoki Diabetes Research Institute ("ADRI") (collectively "Plaintiffs") First Amended Complaint. (ECF No. 192.) Defendants also filed a number of counter claims against

1

1  Plaintiffs and included UCD and UCDSOM as third party defendants.  More than a year later,
2  following this Court's order that the parties file a joint status report in preparation for trial, the
3  parties argue that UCD and UCDSOM have not yet been served as third party defendants and
4  therefore this Court must either waive Federal Rule of Civil Procedure 26 in ordering discovery
5  or must delay scheduling until UCD and UCDSOM have been properly served.  The Court finds
6  no legal basis to do either.

7  Federal Rule of Civil Procedure 14 ("Rule 14") sets forth very basic instructions under
8  which a defending party may bring a third party into a pending action.  "A defending party may,
9  as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to
10 it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the
11 court's leave if it files the third-party complaint more than 14 days after serving its original
12 answer."  Fed. R. Civ. Pro. 14(a)(1).  As a threshold matter, Defendants' Answer was filed on
13 September 15, 2014, meaning that UCD and UCDSOM were to be served on or before September
14 29, 2014.  (ECF No. 192.)  Rule 14 requires that Defendants seek leave from this Court to serve
15 its third party complaint on these two parties.  However, the Court will not grant that leave for
16 two reasons.

17 First, Defendants' half-hearted attempt to add UCD and UCDSOM as third party
18 defendants constitutes little more than a delay tactic.  For example, Defendants state in the
19 parties' Joint Status Report, "Now that the motion for Dismissal and Arbitration has been denied,
20 the University of California and UC Davis School of Medicine will be served." (ECF No. 220 at
21 7.)  However, the Court wonders how a pending motion on the docket would excuse the 14 day
22 service requirement.  If anything, the pendency of that motion would have made serving UCD
23 and UCDSOM more important so that they could have joined the arbitration.  Even more
24 offensive to this Court is that almost *four months* have passed since the Court issued its
25 determination on arbitration (ECF No. 215), and more than *two months* have passed since
26 Defendants stated their intent to issue service in the Joint Status Report (ECF No. 220), yet *still*
27 Defendants still have not served UCD or UCDSOM.

28 Second, the Court sees no reason to grant leave for Defendants to serve UCD and

2

UCDSOM at this time because Defendants' third party complaint does not actually allege any cause of action against UCD and UCDSOM. Defendants bring six causes of action. Five are alleged specifically against Aoki and ADRI, not UCD or UCDSOM. (ECF No. 192-1 at 3–10.) The sixth cause of action alleges declaratory relief and only mentions UCD and UCDSOM to say that Defendants' believe those parties are "entitled to any new inventions of counter-defendant Aoki" and that the disputes at issue in this case cannot be resolved without the participation of UCD and UCDSOM. (ECF No. 192-1 at ¶¶ 44, 48.) If anything, Defendants' "third party complaint" is an attempt to prompt UCD and UCDSOM to act on their alleged rights against Plaintiffs. Any concerns that Defendants have about Plaintiffs' agreements with UCD and UCDSOM and how those may impact the instant litigation can be resolved through discovery. Rule 14 requires that a third party "may be liable to [a defending party] for all or part of the claim against it." Inherent in that requirement is the idea that the third party complaint actually brings a claim against that third party. Here, Defendants have failed to do so.

Because Defendants have failed to serve UCD and UCDSOM as third parties for almost two years, and because their proposed third party complaint fails to actually bring a claim against the purported third parties, UCD and UCDSOM are hereby dismissed from the instant action. The Court will issue a scheduling order shortly. The Court admonishes the parties that any further delay tactics will be subject to sanctions under Local Rule 110.

IT IS SO ORDERED.

Dated: January 26, 2016

Troy L. Nunley
United States District Judge

3