UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., et al., | No. 2:11-cv-02797-TLN-CKD |
| Plaintiffs, | |
| v. | PROTECTIVE ORDER |
| GREGORY FORD GILBERT, et al., | |
| Defendants. | |

On October 2, 2017, defendants submitted a proposed protective order. (ECF No. 262.) Plaintiffs responded with some minor edits. (ECF No. 263.) Neither incorporated reference to Local Rule 141, regarding the sealing of documents. As a result, the court has modified paragraph number nine of the proposed protective order to clarify that Local Rule 141 governs the sealing of documents. Otherwise, the court approves the proposed order, as edited by plaintiffs.

Accordingly, IT IS HEREBY ORDERED that:

1. In connection with discovery proceedings in the action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work or apparatus, or to the protocols, production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income,

1

profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil procedure 26(g).

    2.    Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" on its cover. Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

    3.    Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

    4.    Material designated as confidential under this order, the information contained therein, and any summaries, copies, abstracts, or other documents derive in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

    5.    Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

        (a)    A party, or an officer, director, or employee of a party deemed necessary by counsel to the aid in the prosecution, defense, or settlement of this action;

        (b)    Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

        (c)     Court reporter (s) employed in this action;

        (d)     A witness at any deposition or other proceeding in this action; and

        (e)     Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

    6.     Depositions shall be taken only in the presence of qualified persons.

    7.     The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

    8.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

    9.     In all instances, a party that seeks to file information or material under seal must comply with Local Rule 141 and any relevant orders of the assigned District Judge and Magistrate Judge. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order" and the filing party shall seek to file these papers under seal, pursuant to Local Rule 141.

    10.    In the event that any Confidential Material is used in any court proceeding in this

action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in the future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO ORDERED.

Dated: October 6, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE