UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, et al., | No. 2:11-cv-2797 TLN CKD |
| Plaintiffs, | |
| v. | ORDER |
| GREGORY FORD GILBERT, et al., | |
| Defendants. | |

Plaintiffs filed this patent infringement case on October 24, 2011. (ECF No. 1.) After a lengthy and contentious process, discovery is set to end on October 30, 2017 and trial is set for February 26, 2018. (ECF Nos. 223, 243.) Presently pending before the court are four separate motions. Plaintiffs' motion for default judgment (ECF No. 250), defendants' motion to compel plaintiffs to abide by discovery agreement (ECF No. 251), and plaintiffs' motion to compel defendant's responses to written discovery and production of documents (ECF No. 252) came on regularly for hearing on September 27, 2017. Duyen Nguyen appeared on behalf of plaintiffs. Gregory Gilbert, Laurie Zmerzel, and Robert Kent (telephonically) appeared on behalf of defendants. Ms. Ngueyn and Ms. Zmerzel were ordered to meet and confer, and to report back to the court.

Thereafter, each party briefed the court on the state of their meet and confer efforts. (ECF Nos. 262, 263.) Subsequently, plaintiffs then filed an ex parte motion to shorten time for hearing

(ECF No. 264), the fourth motion pending. On October 6, 2017 at 1:00 pm, the undersigned held an informal telephonic conference with all attorneys who appeared at the prior hearing. Upon review of the parties' briefing and oral arguments, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Both parties are responsible for the numerous breakdowns in communication and cooperation that have created the current impasse; multiple discovery requests remain unanswered and/or unfulfilled as the discovery deadline approaches. The court is confident, however, that parties are capable of following the court's orders and being ready for trial on the scheduled date.

To that effect, the court has issued a protective order (ECF No. 266) to assuage Mr. Gilbert's concerns regarding his production of discovery that the court previously ordered him to produce on May 25, 2017 (ECF No. 235). Additionally, the court has reviewed each remaining issue with the parties and crafted the discovery plan detailed below.

    A.    <u>Plaintiffs' motion for default judgment, ECF No. 250</u>

Plaintiffs assert that the court ought to render default judgement against defendants pursuant to Federal Rule of Civil Procedure 37(b)(2), because defendants failed to timely respond to the court's May 25, 2017 order to produce discovery. (<u>See</u> ECF No. 250.) However, as the undersigned explained during the September 27, 2017 hearing, such a sanction is draconian and unwarranted at the present juncture. As such, the motion for default judgement is denied.

However, Mr. Gilbert's conduct was unacceptable. The court ordered Mr. Gilbert to provide all discovery in question by June 5, 2017. (ECF No. 235.) While he provided partial responses before that deadline, Mr. Gilbert neither provided complete responses nor petitioned the court for an extension (which Mr. Gilbert claimed was necessitated by the need for a protective order before he could comply with the court's order). Thus June 5, 2017, came and went without defendants producing the discovery they had been ordered by the court to provide.[1]

---

[1] Troublingly, these particular discovery requests were served on Mr. Gilbert on September 15, 2016. (ECF No. 250-1 at 3.) Mr. Gilbert did not mention a protective order to plaintiffs or the court until after the courts' May 25, 2017 order. (<u>See</u> ECF Nos. 238, 250-1.)

B. <u>Defendants' motion to compel plaintiffs to abide by discovery agreement, ECF No. 251</u>

Defendants have moved to enforce an alleged stipulated protective order, and to have the court order plaintiffs to appear for depositions at the end of October. (<u>See</u> ECF No. 251.) Because the court has issued a protective order (ECF No. 266), and the parties have agreed on dates for the depositions in question (<u>see</u> ECF Nos. 262, 263), this motion is moot.

C. <u>Plaintiffs' motion to compel defendants' responses to written discovery and production of documents, ECF No. 252</u>

Plaintiffs allege that defendants have failed to respond to a series of discovery requests made in June of 2017. (<u>See</u> ECF No. 252.) Mr. Gilbert erroneously maintained that he had been given a thirty day extension to respond to these requests.[2] (<u>See</u> ECF No. 256.) At the informal hearing, the parties reported that defendants have yet to provide complete responses to these requests.

D. <u>Extension of Discovery</u>

Plaintiffs have proposed that discovery be extended and/or that the time for filing discovery motions be shortened. (<u>See</u> ECF No. 264.) This matter originated in 2011, and discovery has been ongoing for over a year. The court will not extend discovery any further.

Accordingly, it is HEREBY ORDERED THAT:

1. Plaintiffs' ex parte motion to shorten time for hearing (ECF No. 264) is DENIED.
2. Defendants' motion to compel plaintiffs to abide by discovery agreement (ECF No. 251) is DENIED as moot.
3. Plaintiffs' motion for default judgment (ECF No. 250) is DENIED IN PART. As explained below, the court will consider what alternative sanctions, short of default, may be appropriate against defendants.

---

[2] At the hearing, it became clear that, in his opposition brief, Mr. Gilbert had inappropriately cited to an email as the basis for this thirty day extension, omitting the second page of that email, which demonstrated that the extension did not cover the requests at issue. It is unclear if Mr. Gilbert's representation to the court was inadvertently erroneous or purposely deceptive. In either case it is troubling.

4. Plaintiffs' motion to compel defendants' responses to written discovery and production of documents (ECF No. 252) is GRANTED. For the discovery requests covered by this motion to compel:
    a. Defendants shall produce all <u>outstanding documents and responses</u>, by **October 9, 2017 at 5:00 pm.**
    b. Defendants shall produce all <u>revised responses that were promised</u>, by **October 11, 2017 at 5:00 pm.**
5. Regarding defendants' outstanding discovery requests:
    a. Plaintiffs shall provide all <u>responses to defendants' special interrogatories</u>, without formalistic objections, by **October 13, 2017 at 5:00 pm.**
    b. Plaintiffs shall produce all <u>responsive documents</u>, by **October 16, 2017 at 5:00 pm.**
6. <u>DISCLOSURE OF EXPERT WITNESSES</u>: All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **December 4, 2017**.[3] The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).
7. <u>SANCTIONS</u>: The court will determine what sanctions are appropriate for defendants' failure to comply with the court's May 25, 2017 order (ECF No. 235), and as a result of plaintiffs' September 11, 2017 motion to compel (ECF No. 252).
    a. Defendants have until **October 12, 2017 at 5:00 pm** to respond to the motions for sanctions contained within plaintiffs' recent pleadings. (<u>See</u> ECF Nos. 250, 252.)

/////

/////

---

[3] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

b. Plaintiffs will then have until **October 16, 2017 at 5:00 pm** to reply.

c. The matter shall thereafter stand submitted.

Dated: October 6, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE