UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY FORD GILBERT, et al., <br><br> Defendants. | No. 2:11-cv-2797 TLN CKD <br><br><br> ORDER |

Pending before the court is the issue of what sanctions will be issued related to plaintiffs' motion for default judgment, based upon defendants' failure to comply with the court's May 25, 2017 order (see ECF Nos. 235, 250), and plaintiffs' September 11, 2017 motion to compel (ECF No. 252). These motions came on regularly for hearing on September 27, 2017, and were further considered during an informal telephonic conference on October 6, 2017.

Thereafter, the court resolved various discovery disputes and gave the parties instructions in order to meet the October 30, 2017 discovery deadline. (ECF No. 268 at 4–5.) Additionally, the parties were notified that the court would determine what sanctions might be appropriate based on defendants' failure to comply with the court's prior order, and plaintiffs' motion to compel. (See ECF No. 268 at 5.) Defendants filed a response, and plaintiffs replied. (See ECF Nos. 269, 270.) Upon review of the documents in support and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.     BACKGROUND

On September 15, 2016, plaintiffs served "Request for Production of Documents, Set One" on defendant Gregory Ford Gilbert, who did not respond. (ECF No. 231 at 3.) On May 5, 2017, plaintiffs moved to compel Gilbert's response. (See ECF No. 231.) This motion was not opposed. However, on May 23, 2017, a day before the scheduled hearing, Gilbert produced a thumb drive to plaintiffs, partially responsive to plaintiffs' request. Plaintiffs did not have time to fully review these documents before the hearing. On May 25, 2017, the court granted plaintiffs' motion to compel and ordered defendants to produce responsive documents within 10 days, by June 5, 2017.[1] (ECF No. 235.)

On June 8, 2017—after the time to comply with the court's order had elapsed—defendants moved for a protective order, prohibiting the dissemination of confidential documents. (ECF No. 238.) The court denied this motion by minute order because it did not comply with Local Rule 141.1. (ECF No. 239.) Subsequently, Gilbert communicated to plaintiffs that defendants needed a protective order before he would produce the rest of the documents responsive to the September 15, 2016 discovery request. (See ECF No. 253 at 3.) Then, on June 20, 2017, Gilbert provided plaintiffs with a proposed stipulated protective order. (Id.) The record is void, however, of any indication that Gilbert ever asserted the need for a protective order to either plaintiffs or the court, between September 15, 2016 and June 5, 2017.

Later in June 2017, plaintiffs served "Requests for Production of Documents, Set One, Requests for Admissions, Set One, and Interrogatories, Set One," on ten defendants: Melanie Kunz; MedEdCo, LLC; Marc Rose; Michael McCarthy; Diabetic Innovations, LLC; Kevin Buckman; Bionica, Inc.; Bionica, International; Trina Health; and Trina Health of Newport. (ECF No. 252-1 at 3–4.) According to plaintiffs, responses to these requests were originally due on various dates in July 2017; defendants were granted two-week extensions to respond; and defendants failed to respond within the extended deadlines. (Id. at 4.)

---

[1] While June 4, 2017 was 10 days after May 25, 2017, it was also a Sunday. Therefore, the deadline for compliance was arguably June 5, 2017, the next business day.

On September 5, 2017, plaintiffs moved for default judgment against defendant Gilbert due to his failure to comply with both the September 15, 2016 discovery request and the court's May 25, 2017 order regarding that request (see ECF No. 250); plaintiffs also requested $8,255.00 for the fees and costs associated with bringing the motion. (ECF No. 250-1 at 9.) A week later, on September 11, 2017, plaintiffs filed a motion to compel defendants' responses to the June 2017 discovery requests (see ECF No. 252); plaintiffs also requested $12,538.90 for the fees and costs associated with bringing the motion. (ECF No. 252-1 at 10.)

Instead of immediately providing the documents requested, defendants filed opposition briefs (see ECF Nos. 253, 256), and once again provided partial responses to plaintiffs' requests in the days leading up to the hearing on these motions. Moreover, in his opposition brief to the motion to compel, Gilbert erroneously maintained that he had been given a thirty day extension to respond to the June 2017 discovery requests. (See ECF No. 256.) Further briefing and argument at the hearing revealed that Gilbert had inaccurately cited to an email as the basis for this thirty day extension, while omitting the second page of that email which clearly demonstrated that the purported extension pertained to other discovery requests, and not the ones at issue. (See ECF No. 258 at 3–5.)

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 37 grants federal court's "considerable discretion to impose the extreme sanction of dismissal or default where there has been flagrant, bad faith disregard of discovery duties." Wanderer v. Johnston, 910 F.2d 652, 655–56 (9th Cir. 1990) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). In the Ninth Circuit, courts are to consider a set of factors to determine whether a dismissal of default is appropriate as a Rule 37 sanction:

> 1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Wanderer, 910 F.2d at 656. The court "need not make explicit findings regarding each of these factors." Id. Indeed, this court has previously considered whether default is appropriate under

3

these circumstances, and found that such a drastic sanction is inappropriate here. (See ECF No. 268.) Specifically, under the fifth Wanderer factor, the court finds that less drastic monetary sanctions are appropriate in this matter.

III. DISCUSSION

Gilbert's actions were unacceptable, and the court finds his excuses disingenuous. According to his latest briefing, "[t]he Court's issuance of a Protective Order (ECF No. 266) provided the protections that had long been sought by Defendants, making it possible for them to produce all outstanding discovery responses on October 9, 2017 pursuant to the Court's October 6, 2017 Order." (ECF No. 269 at 3.) Characterizing the protective order as something that "had long been sought" is inaccurate. Defendants did not seek such an order until very late in the discovery process, ten months after the original discovery request was propounded, and three days after the court's own deadline for compliance had passed. Thus, the lack of a protective order, prior to June 5, 2017, does not excuse Gilbert's failure to comply with the court's May 25, 2017 order. (ECF No. 235.)

Similarly, the court is not impressed by Gilbert's excuses regarding the email he erroneously represented to the court as proof that plaintiffs had given defendants a thirty day extension to respond to the June 2017 discovery requests. Even if Gilbert personally received only the first page of this email as he asserts (see ECF No. 269 at 4), other people on his legal team certainly received both pages of this email. These individuals could have, and should have, prevented Gilbert from making such a false representation to the court.

What is more, defendants have chosen to provide responses to plaintiffs' requests on the eve of each hearing for the motions to compel. Such disclosure methods are inconsiderate to both plaintiffs and the court, and belie Gilbert's claims that "Defendants have acted professionally and in good faith in meeting each of Plaintiffs' requests." (ECF No. 269 at 2.)

Gilbert argues that plaintiffs have exacerbated this entire situation because plaintiffs' counsel has failed to maintain adequate lines of communication with defense counsel. (See ECF No. 269.) The court finds that both parties bear some responsibility for the unusually contentious nature of this litigation—indeed that is one reason why the court has determined that default

sanctions against defendants are not appropriate. Nonetheless, Gilbert's actions were egregious, and defendants' culpability cannot be absolved by pointing the finger at the conduct of plaintiffs' counsel. Additionally, public policy favors the disposition of this case on its merits. See Wanderer, 910 F.2d at 656. Thus, the court finds that in addition to default, any lesser issue sanction is also inappropriate at this juncture. The court is satisfied that awarding plaintiffs fees and costs associated with preparing the motion for default (ECF No. 250) and motion to compel (ECF No. 252), as outlined below, is an appropriate sanction for defendants' conduct.

In a prior order in this matter, the court approved the hourly rate of $350.00 for plaintiffs' counsel, Duyen T. Nguyen. (See ECF No. 244.) Ms. Nguyen again seeks fees at this rate. (See ECF Nos. 250-1, 252-1.) The court finds that this hourly rate continues to be reasonable, for the same reasons previously stated. (See ECF No. 244.)

In relation to the motion for default, plaintiffs seek a total of $8,255.00 in fees and costs. (ECF No. 250-1 at 6.) Plaintiffs provided the following breakdown of the basis for the fees and costs associated with this motion:

| Description | Time/Amount |
| --- | --- |
| Review thumb drive produced by Defendant Gilbert. | 4 hours x $350 hourly rate = $1400 |
| Prepare (1) Notice of Motion, (2) Memorandum of Points and Authorities, (3) Declaration of Duyen T. Nguyen In Support of Motion for Default Judgment, (4) Supporting Exhibits and (5) Proposed Order. | 15 hours x $350 hourly rate=$5,250 |
| Expected travel to and attend Motion for Default Judgment hearing in Sacramento from San Francisco. (This approximation is based on the same time expended in connection with the previous Motion to Compel set for May 24, 2017 which was accepted and granted by the Court. ECF No. 231.) | 4.30 hours x $350 hourly rate=$1505 |
| Total Attorney Time | $8,155 (19.30 hours x $350 hourly rate) |

| Expected costs for attending hearing and filing and serving motion to compel (parking, mileage and toll, mailing and photocopying) based on the same costs expended in connection with the previous Motion to Compel set for May 24, 2017, which was accepted and granted by the Court. (ECF No. 231.) | $100 |
|---|---|
| Total: | $8,255. |

(ECF No. 250-1 at 8–9.) Plaintiffs would have had to review the thumb drive provided by Gilbert, whether or not they later moved for sanctions. Moreover, it does not appear that it was ever disputed that the thumb drive was only a partial disclosure by defendants. Otherwise, the court finds the hours spent by Ms. Nguyen to be reasonable. Therefore, subtracting the 4 hours spent reviewing the thumb drive, the court awards $6,855.00 in costs and fees relating to the motion for default (ECF No. 250).

In relation to the motion to compel, plaintiffs seek a total of $12,538.90 in fees and costs. (ECF No. 252-1 at 8.) Plaintiffs provided the following breakdown of the basis for the fees and costs associated with this motion:

| Description | Time/Amount |
|---|---|
| Propound Request for Production of Documents, Set One, Request for Admissions, Set One and Interrogatories, Set One to [ten defendants] [. . .] | 20.7 hours x $350 hourly rate = $7,245. [. . .] |
| Costs Incurred for Serving Request for Production of Documents, Set One, Request for Admissions, Set One and Interrogatories, Set One to [ten defendants] [. . .] | $188.90. [. . .] |
| Prepare (1) Notice of Motion, (2) Memorandum of Points and Authorities, (3) Declaration of Duyen T. Nguyen In Support of Motion To Compel, (4) Supporting Exhibits and (5) Proposed Order. | 10 hours x $350 hourly rate = $3500 |
| Expected travel to and attend Motion to Compel hearing in Sacramento from San Francisco. [. . .] | 4.30 hours x $350 hourly rate = $1505 |
| Expected costs for attending hearing and filing and serving Motion to Compel (parking, mileage and toll, and photocopying) [. . .] | $100 |
| Total: | $12,538.90 |

6

(ECF No. 252-1 at 8–10.) Plaintiffs cannot recover the costs associated with propounding the discovery they later moved to compel. If defendants had complied without issue, plaintiffs would not have been able to recover their fees and costs for propounding this discovery. Moreover, since the motion to compel and the motion for default were heard simultaneously, plaintiffs may only recover once for travel and attendance at the hearing. The ten hours spent on preparing this motion to compel were reasonable, however. As such, the court awards $3,500.00 in fees and costs relating to the motion to compel (ECF No. 252).

Importantly, defendant Gilbert, in his capacity as attorney for defendants is responsible for the conduct warranting sanctions in this matter—failure to comply with the court's May 25, 2017 order (ECF No. 235); intentional or inadvertent misrepresentations to the court; and undue delay of responses to June 2017 discovery requests. Therefore, the court concludes that Gilbert shall pay the sanctions associated with his conduct, and he may not spread the cost of these sanctions among the other defendants.

Accordingly, it is HEREBY ORDERED THAT:

1. Plaintiffs' requests for fees and costs (ECF Nos. 250, 252) are GRANTED IN PART.
2. As sanctions for his improprietous conduct, Gregory Ford Gilbert SHALL PAY plaintiffs the amount of $10,355.00, within ten (10) days of this order.

Dated: October 25, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/11.2797.aoki. order sanctions