UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, and AOKI DIABETES RESEARCH INSTITUTE, a California non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY FORD GILBERT, et al.,<br><br>Defendants. | No. 2:11-cv-02797-TLN-CKD<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION** |

This matter is before the Court on Defendants' Request for Reconsideration (ECF No. 282) of this Court's Order (ECF No. 279) striking Defendants' Motions for Summary Judgement as untimely. Plaintiffs oppose the application. (ECF No. 284.) Having reviewed the arguments raised by both parties, the Court hereby DENIES Defendants' Request for Reconsideration. (ECF No. 282.)

"The general rule regarding the power of a district court to rescind an interlocutory order is as follows: As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks omitted). This power "is derived from the

1

common law, not from the Federal Rules of Civil Procedure." *Id.* at 886.

While "a district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law," it "should generally leave a previous decision undisturbed absent a showing of clear error or manifest injustice." *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000); *see also Frye v. Warden, San Quentin State Prison*, 200 F. Supp. 3d 1035, 1038 (E.D. Cal. 2016) ("But as a general rule, previous orders should stand in the absence of extraordinary circumstances, such as where the initial decision was clearly erroneous and would work a manifest injustice.") (internal quotation marks and alteration marks omitted). The burden is on the party challenging a court's earlier ruling or order to demonstrate reconsideration is appropriate. *See U.S. ex rel. Oliver v. The Parsons Corp.*, 498 F. Supp. 2d 1260, 1277 (C.D. Cal. 2006).

Defendants seek reconsideration of this Court's order striking their motions for summary judgment as untimely. (ECF No. 282 at 2.) Defendants propound three reasons for reconsideration. First, Defendants contend Federal Rule of Civil Procedure 56(b) ("Rule 56(b)") governs the timing of summary judgment motions and permits summary judgment motions to be filed within 30 days of the close of discovery. (ECF No. 282 at 3–4.) Second, Defendants contend they reasonably understood the Court's discovery deadline extensions to similarly apply to the dispositive motion deadline. (ECF No. 282 at 3.) Finally, Defendants contend that in light of Rule 56(b) it would be "patently unfair" not to allow Defendants to file a motion for summary judgment when discovery was not completed by the dispositive hearing deadline. (ECF No. 282 at 4.)

Defendant asserts the deadline for motions for summary judgment is set by statute as 30 days past the close of discovery. This is plainly not the case. Rule 56(b) merely provides a deadline when one is not set by the Court. In fact, Rule 56(b) builds into its construct "*unless . . . the court orders otherwise,*" explicitly informing practitioners that the Court has the ultimate power to order a different deadline. *See* Fed. R. Civ. P. 56(b). As Defendants' argument precedes a legally incorrect concept, the Court must reject this argument.

Second, Defendant argues the local rules as well as the Court's pretrial scheduling order "should be read as providing a reference point upon which parties seeking relief . . . can rely, rather than a barrier to accessing the valuable tool of summary judgment for parties to utilize an extension of the discovery cut-off deadline." (ECF No. 282 at 4.) The Court is perplexed by Defendants' argument. Federal Rule of Civil Procedure 16 requires the Court set deadlines in each and every case. Fed. R. Civ. P 16(b). Certainly, "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Plaintiff and Defendant seemingly understood the significance of the scheduling order when they filed two separate motions for discovery extensions. To say now that the scheduling order should have no affect or should be a "reference point" rather than a Court ordered deadline is in contrast to Defendants' earlier actions seeking leave of the Court for changes to deadlines. The fact that Defendants overlooked the need to request an extension on dispositive motions does not render the whole scheduling order and its purpose obsolete or provide good cause for this Court to allow Defendants to arbitrarily alter the deadlines as they see fit.

Third, Defendants assert they reasonably understood the extensions of discovery deadlines granted by this Court to include extensions for the dispositive motion hearing deadline. Defendants argue it is understandable that Counsel would take the plural "deadlines" to include the summary judgement deadline. However, Defendants acknowledge the two orders signed by this Court extending discovery deadlines referred to "*discovery* deadlines." In fact, each order included the term discovery as a descriptor to the deadlines being extended. Furthermore, discovery and summary judgment motions are separated out in the Federal Rules of Civil Procedure, thus, indicating their distinct nature. The fact that discovery may dictate, absent a court ordering otherwise, the timing for summary judgment motions does mean summary judgments motions are included in the term discovery. This argument is equally unavailing.

Perhaps the only portion of Defendants request that the Court agrees with is his belief in fairness dictating the outcome of this order. Indeed, fairness was at the forefront of the Court's decision to strike Defendants' motions for summary judgment. Fairness clearly requires

3

preventing a party from gaining an advantage by failing to adhere to the scheduling order. Similarly, fairness requires not penalizing a party who adhered to the scheduling order by now setting new deadlines retroactively, which the party would have had no way of knowing was a deadline when the date came and went. Defendants seem to forget that Plaintiffs were equally unable to file a motion for summary judgment after the hearing deadline for dispositive motions, yet Defendants seem to feel they are uniquely situated to feel the "patent unfairness" associated with the Court's order to strike. This is simply untrue.

For the above stated reasons, the Court finds Defendants' arguments for reconsideration unavailing and thus declines to reconsider the Court's Order to Strike the Motions for Summary Judgment (ECF No. 279). Defendants Ex Parte Request for Reconsideration (ECF No. 282) is hereby DENIED.

IT IS SO ORDERED.

Dated: December 11, 2017

Troy L. Nunley
United States District Judge