UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., and AOKI DIABETES RESEARCH INSTITUTE, a California Non-Profit Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY FORD GILBERT, et al.,<br><br>Defendants. | No. 2:11-cv-02797-TLN-CKD<br><br>**ORDER** |

The Court held a Final Pretrial Conference for this matter on May 31, 2018. (ECF No. 313.) At that time, the Court granted Defendants' *Ex Parte* Application to continue the trial for at least 90 days. (ECF No. 302.) The trial was reset for March 25, 2019, and a second Final Pretrial Conference was set for January 24, 2019. At the May 31 conference, the Court took under consideration two issues Plaintiffs raised in their pretrial statement. Namely, whether to allow early briefing on three motions *in limine* and whether to send certain discovery matters back to the magistrate judge. The Court found Defendants had not had an opportunity to respond and ordered supplemental briefing on the two issues.

Defendants filed their response to Plaintiffs' requests on June 11, 2018, in accordance with the Court's order. (ECF No. 315.) The filing comprises thirty-seven pages of largely unnecessary argument. It appears from the briefing that Defendants took the Court's request for

1

briefing on two discrete issues as an opportunity to respond to Plaintiff's entire amended pretrial statement. In fact, Defendants' response to an advanced briefing schedule on motions *in limine* and discovery issues amounts to only two paragraphs. Those two paragraphs are as unhelpful in aiding the Court in its decision as the remainder of the thirty-seven-page brief.

As to the advanced briefing schedule on motions *in limine*, Defendants make no reply except to say that no motions *in limine* are currently pending, and thus, no discussion is necessary. This response misses the point entirely and offers no guidance on Defendants' position that the Court might use in deciding whether to grant Plaintiffs' request. As to the issue of outstanding discovery, the Court quotes the entirety of Defendants' argument to highlight the illogical nature of the argument and its unhelpfulness.

> After all these years, and the failure to make any of these motions before the very date of the Pretrial Statement, there is no known excuse for trying to re-make an entirely new lawsuit when the operative facts are now over 16 years old, and many documents no longer available. This is why cases are required to be litigated before the witnesses are gone and the documents are are [sic] no longer available. And, it is not as if Plaintiffs have been diligent. Plaintiffs actually had a similar case against Defendants Gilbert and Bionica, which was dismissed without any Order or Findings during the term when said Defendants were parties to the case. If Plaintiffs believe they can obtain a court order under that case, the proper forum is Nevada. Of course, that is impossible since they voluntarily Dismissed the Nevada case. It is difficult to believe that a dismissed case where the Parties before this court were never parties during the preliminary hearing, are somehow ordered to waive their rights.
>
> Plaintiffs have not offered one single reason for waiting until now to offer new theories or new experts. The request for leave of court to reopen discovery after 6 years of this litigation is untimely, as it has been 15 years since the separation of the parties, Dr. Aoki and Mr. Gilbert.

(ECF No. 315 at 9.)

Essentially, Defendants take the request to send discovery issues to the magistrate judge as a reopening of discovery. Technically, Defendants are not wrong. However, the question before the Court is whether to order the parties to participate in proceedings before the magistrate judge to deal with possible contempt of the magistrate judge's orders regarding previous discovery disputes. The Court did not take Plaintiffs' request to mean a complete re-opening and

2

new requests for discovery never previously requested. In that sense, the Court is not contemplating re-opened discovery and certainly would not allow an "entirely new lawsuit" or "new theories or new experts." Additionally, the Court sees no connection to the occurrence of the operative facts over 15 years ago and the diligence of Plaintiffs' request. The only time frame bearing on Plaintiffs' diligence is the time between when they learned Defendants allegedly failed to comply with the discovery orders and the time Plaintiffs requested to send the issue back to the magistrate judge. Finally, the mention of the Nevada case has no bearing on discovery as that case was raised solely in Plaintiffs' request for an advanced briefing schedule for motions *in limine*. Thus, Defendants' response is wholly inadequate and ineffective.

The Court's ire in this matter, however, does not fall solely on Defendants. The Court granted Plaintiffs two days to respond to Defendants filing. Plaintiffs filed a ten-page document after admittedly "having great difficult identifying any response to the issues raised by the Court in the 37 pages [Defendants] filed." (ECF No. 316 at 3.) Rather than point out Defendants' deficiency and stand on their previous request, Plaintiffs chose — without invite from the Court — to provide a longer more detailed explanation. An explanation, Defendants have not been granted an opportunity to respond to.

Simply put, the Court is weary of the behavior of the parties in this matter. As Defendants point out, this case has been pending for over six years. The Court recognizes that not one party is solely to blame so cautions both parties against continuing their current course of behavior. Such behavior in the future will be met with an Order to Show Cause and the possible imposition of sanctions. The Court will now turn to the merits of Plaintiffs' requests.

As to Plaintiffs' request for motions *in limine*, Plaintiffs outline three motions they assert an advanced briefing schedule would benefit the parties' preparation for trial: (1) a motion that Defendants have waived their patent-related affirmative defense by virtue of their conduct to date, and as a result of the Nevada Court's ruling; (2) a motion limiting expert testimony; and (3) a motion that the Nevada Court's ruling bars Defendant Gilbert's claims here. (ECF No. 316 at 3.) The Court will order advanced briefing on the second motion regarding expert testimony as it is the only motion appropriately sought as a motion *in limine*. As for the first and third requests, the

scope of those motions are not appropriate for motions *in limine*. The Pretrial Scheduling Order issued in this case included a clear warning: "The parties are reminded that a motion *in limine* is a pretrial procedural device designed to address the admissibility of evidence. The Court will look with disfavor upon dispositional motions presented in the guise of motions *in limine*." (ECF No. 223 at 5.) Now, Plaintiffs ask this Court to allow motions to bar or strike affirmative defenses and bar Defendants' claims based on a ruling of a Nevada Court. Neither request deals with the admissibility of evidence at trial, and thus, will not be considered. Accordingly, the Court will not order advanced briefing on requests one and three and cautions the parties against any further attempts to cast dispositive motions in the form of motions *in limine*. Plaintiffs shall file their motion with respect to expert testimony and admissibility with a hearing date of January 24, 2019.

Lastly, as to Plaintiffs' request to send discovery matters to the magistrate judge, the Court finds Plaintiffs were not diligent and denies the request. Plaintiffs sought an order from the magistrate judge compelling production of documents or Default Judgment in September 2017. Ultimately, the magistrate judge ordered Defendants to produce documents in discovery by October 9, 2017. (ECF No. 268.) Plaintiffs assert Defendants produced documents on October 11, 2017, but failed to produce all of the requested documents including necessary financial documents. (ECF No. 316 at 7.) Plaintiffs asks the Court to send this matter back to the magistrate judge to determine if Defendants complied with the discovery orders. In the ten-page reply Plaintiffs submitted, there is no mention of why Plaintiffs did not make a request sooner. Even if Plaintiffs were producing their own documents, the Court sees no reason for the almost seven-month delay in bringing this issue to the Court's attention. Additionally, were it not for Defendants need to continue the trial, the Court would never have entertained a request to submit this matter to the magistrate judge before the originally planned trial date. For these reasons, the Court denies Plaintiffs' request to submit this matter to the magistrate judge to determine the issue of outstanding discovery.

Plaintiffs shall file their motion *in limine* regarding expert disclosures and testimony in accordance with Local Rule 230(b) to be heard on January 24, 2019. Oppositions and replies

shall be filed in accordance with Local Rule 230(c) and (d), respectively.

IT IS SO ORDERED.

Dated: June 25, 2018

Troy L. Nunley
United States District Judge