UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, et al.,<br><br>Plaintiffs<br><br>v.<br><br>GREGORY FORD GILBERT, et al.,<br><br>Defendants. | No. 2:11-cv-02797-TLN-CKD<br><br>**FINAL PRETRIAL ORDER**<br><br>TRIAL DATE: March 25, 2019<br>TIME: 9:00 a.m. |

This Court held a Final Pretrial Conference on February 21, 2019. Plaintiffs THOMAS T. AOKI and AOKI DIABETES RESEARCH INSTITUTE ("Plaintiffs") were represented by counsel Frank Sommers of Sommers and Schwartz, and Duyen Nguyen of DTN Law Group. Defendant GREGORY FORD GILBERT represented himself, as well as all other Defendants. Attorney Robert Kent, formerly co-counsel for Mr. Gilbert and three entity defendants, had a motion to withdraw as counsel on calendar, but did not appear at the hearing. Mr. Kent's motion is presently pending before the Court and will be addressed by separate order.

After hearing, the Court makes the following findings and orders:

**I.   JURISDICTION / VENUE**

The Court has original and exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1338(b). The Court has supplemental jurisdiction over all other claims under 28 U.S.C. 1367(a).

1

Venue is proper in this District pursuant to 28 U.S.C. § 1391.  Jurisdiction and venue are not contested.

## II. SETTLEMENT CONFERENCE

The parties previously engaged in a short mediation that was unsuccessful.  Defendants expressed an interest in having the Court schedule a settlement conference.  Counsel for Plaintiffs responded that Plaintiffs were not interested in settling and were prepared to proceed to trial.  No settlement conference will be set unless the parties indicate otherwise.

## III. JURY TRIAL

The parties have stipulated to a bench trial.

## IV. UNDISPUTED FACTS

The parties previously submitted statements of core facts, some of which appear undisputed, and others of which appear to be disputed.  They have also submitted statements of core disputed facts.  At the pretrial conference, counsel for each party stated that they would be willing and able to stipulate to a single set of undisputed facts, and a single set of disputed facts.  **Such statements shall be filed not later than one week before trial.**

## V. DISPUTED FACTUAL ISSUES

See above.

## VI. DISPUTED EVIDENTIARY ISSUES

Plaintiffs identified in their pretrial statement four specific disputed evidentiary issues which they state will be subject to prospective motions *in limine*.  Those statements are incorporated herein.  Defendants responded to those issue statements, but did not identify any additional potential motions.

## VII. SPECIAL INFORMATION IN PATENT ACTIONS

Plaintiffs have identified eight (8) patents involved in this litigation, and have provided the name, number, filing, and issue date of each, as well as an abstract.  Defendants have identified a single additional patent, along with the name, number, filing date, and abstract.  Both parties have also identified all persons claiming an interest in the respective patents.  All statements are incorporated herein.

## VIII. WITNESSES

Plaintiff lists the following prospective witnesses:

a. Matt Kalifeh
b. Marty Barnett
c. David Dyer
d. Edwin W. McConnell
e. Mitchell T. McConnell
f. Thomas Aoki
g. Michael Arcangeli
h. Anthony Roderick Barber, MD
i. Michael Bradley, RN
j. Cheryl Clark
k. Jon Eckel
l. Jon Elliott
m. Andrew Elliott
n. Robert Fredericks, MD
o. Mark Gunderson
p. Richard Guthrie, MD
q. PMK of Health Innovations
r. PMK of ACSRC, LLC
s. Shuyuan Tang
t. Cheng Shao
u. Gary Jensen
v. Joyce Johnston
w. Eric Masamori
x. Stan Mailhiot
y. Nathan Nachlas
z. Dawn Villaci

1      aa. Natalie Pereyra

2      bb. Stephenie Rhinesmith

3      cc. PMK of Deepal Cemo Medical Solutions, LLC

4      dd. Sammy F. Cemo

5      ee. Deepal Wannakuwatte

6      ff. Randall Sarte

7      gg. Elsie Soeldner, RN

8      hh. Michael Truong, MD

9      ii. Joan Werblun, RN

10      jj. Mark Wray

11      kk. Gregory Gilbert

12      ll. Kevin Buckman

13      mm. Trina Gilbert

14      nn. Tara Gilbert

15      oo. Richard Girard

16      pp. Melanie Kunz

17      qq. Michael McCarthy

18      rr. Trevor Miller

19      ss. John Mullen

20      tt. Robert Nelson, MD

21      uu. Marc Rose, MD

22      vv. Timothy Tight

23      ww. Glenn Wilson

24      Defendant lists the following prospective witnesses:

25      a. Robert Beard

26      b. David Bradley

27      c. Julie Briggs

28      d. Kevin Buckman, MD

1      e. Charles Burbage
2      f. David Capper, MD
3      g. John Cummings
4      h. Leno DeGuzman, MD
5      i. Nancy Derthic, NP
6      j. John Elliott, MD
7      k. Chui Fasing
8      l. Robert Fish
9      m. John Fitzgerald
10     n. Gregory Ford Gilbert
11     o. Travis Gilbert
12     p. Trevor Gilbert
13     q. Richard Girard
14     r. Eugine Grecu
15     s. Shelia Hargrove, RN
16     t. Frank Holeman
17     u. Jill Hopper, NP
18     v. Edward Iaconis
19     w. Jacklyn Jenkins
20     x. Mike Knowles
21     y. Marc Kunz
22     z. Melanie Kunz, NP
23     aa. Jonathan Lakey, PhD
24     bb. Chris Lawter
25     cc. David Mayeux
26     dd. Michael McCarthy, PA
27     ee. Max McCombs
28     ff. Tara Miller

1     gg. John Mullin

2     hh. James Novak, MD

3     ii. Taylor Romine

4     jj. Marc Rose, MD

5     kk. Richard Sandberg

6     ll. Larry Sturchio

7     mm. Timothy Tight

8     nn. Michael Troung, MD

9     oo. UCD Responsible Person

10     pp. Robin Willcourt, MD

11     qq. Glenn Wilson

12     rr. Daniel Wyles

13     ss. Nardo Zaias, MD

14     tt. Carolyn Lo, RN APN

A. No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in section B below.

B. Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless: (1) The witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if time permitted, counsel proffered the witnesses for deposition; (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

### IX. EXHIBITS-SCHEDULES AND SUMMARIES

Plaintiffs and Defendants have each filed an extensive exhibit list with the Court. (*See*

1  ECF Nos. 322-2 (Plaintiffs) and 334 (Defendants).) Those lists are incorporated here by
2  reference. **The parties are ordered to meet and confer and stipulate, where possible, to the**
3  **authenticity and admissibility of exhibits prior to trial.** The parties shall exchange exhibits
4  with each other and provide copies to the Court **not later than one week before the first day of**
5  **trial**.
6        **Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed**
7  **alphabetically, A1-Z1, followed by A2-Z2, A3-Z3, etc.** The parties shall use the standard
8  exhibit stickers provided by the Court Clerk's Office: pink for Plaintiff and blue for Defendant.
9  All multi-page exhibits shall be fastened together and each page within the exhibit shall be
10 numbered. All photographs shall be marked individually. The list of exhibits shall not include
11 excerpts of depositions which may be used to impeach witnesses.
12       Each party may use an exhibit designated by the other. In the event that Plaintiff and
13 Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation
14 the exhibit is first identified. The Court cautions the parties to pay attention to this detail so that
15 all concerned will not be confused by one exhibit being identified with both a number and a letter.
16       A.    The Court will not permit introduction of exhibits not listed in the parties'
17 respective exhibit lists unless: (1) the party proffering the exhibit demonstrates that the exhibit is
18 for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial
19 Scheduling Conference, or (2) the exhibit was discovered after the Pretrial Scheduling
20 Conference and the proffering party makes the showing required in paragraph "B" below.
21       B.    Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform
22 the Court and opposing counsel of the existence of such exhibits so that the Court may consider at
23 trial their admissibility. The exhibits will not be received unless the proffering party
24 demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the
25 Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the
26 exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the
27 proffering counsel must show that he or she has made the exhibit(s) reasonably available for
28 inspection by opposing counsel.

   C. As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **not later than one week before trial.**

   D. The attorney or representative for each party is directed to present the one copy of the exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., one week before trial**. The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter. Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.

   E. It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

**X.  DISCOVERY DOCUMENTS**

   A.  Lodging Deposition Transcripts and Video Files

   It is the duty of counsel to ensure that any deposition transcripts which are to be used at trial have been lodged with the Clerk of the Court **one week prior to trial**. Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

   B.  Use of Depositions

   The parties are ordered to file with the Court and exchange between themselves **not later than one week before trial** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

   C.  Interrogatories and Admissions

   To the extent the parties intend to offer or read into evidence any portions of Answers to Interrogatories or Admissions, a statement designating those discovery responses shall also be filed and exchanged **not later than one week before trial** (except portions to be used only for impeachment or rebuttal).

**XI.  FURTHER DISCOVERY OR MOTIONS**

   The Court has previously ruled on all outstanding discovery matters. The parties are free

to engage in informal agreements regarding discovery and law and motion matters, but any such agreements will not be enforceable in this Court.

## XII. MOTIONS IN LIMINE

The parties' motions *in limine* are due **not later than two weeks before the first day of trial**. Oppositions are due **not later than one week before trial**.

## XIII. AGREED STATEMENTS - JOINT STATEMENT OF CASE

The parties were unable to agree upon a joint statement of the case. Because they have stipulated to a bench trial, however, the Court does not need a joint statement and one will not be required.

## XIV. AUDIO/VISUAL EQUIPMENT

Prior to and at the final pretrial conference, Defendants indicated an intent to have certain witnesses appear by televideo. At the conference, Plaintiffs' counsel agreed to work with counsel for Defendants to arrange for such appearances, and the Court ordered the parties to work out the details (such as, for example, the logistics of presenting exhibits to witnesses and the timing of calling witnesses by video). The Court indicated that, provided the parties could arrange for it, televideo appearances would be permissible. In exchange, Mr. Gilbert agreed to accept service of subpoenas on behalf of all Defendants. **The Court has since received Plaintiffs'** *Ex Parte* **Application for Order Authorizing Remote Testimony by Video (ECF No. 343), and Defendants' response thereto (ECF No. 346). Understanding that there is now a dispute over televideo appearances, the Court will address Plaintiffs' application by separate order.**

The parties are required to file electronically a joint request to the Courtroom Deputy Clerk, Michele Krueger, **fourteen (14) days before trial**, if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence. There will be one date and time for such orientation.

## XV. DATE AND LENGTH OF TRIAL

Trial is scheduled for **March 25, 2019**. The estimated length of trial is **fifteen (15) days**. Due to a scheduling conflict, however, the Court indicated during the pretrial conference that this trial will be dark April 8 and 9, 2019. To accommodate those lost days, trial in this matter will

9

generally begin at 9:00 AM and end between 5:30 and 6:00 PM on the days the Court is in session, with the exception of Thursdays, which are limited sessions. Counsel will be advised of any changes to these general hours. Counsel are to email Michele Krueger, Courtroom Deputy Clerk, at mkrueger@caed.uscourts.gov or call 916-930-4163 on **March 18, 2019**, to ascertain the status of the trial date.

## XVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **ten (10) days** from the date of electronic filing of this Final Pretrial Order to object to any part of the order or to request augmentation to it. A Final Pretrial Order will be modified only upon a showing of manifest injustice. If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: March 5, 2019

Troy L. Nunley
United States District Judge