UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., an individual, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY FORD GILBERT, an individual, et al., <br><br> Defendants. | No. 2:11-cv-02797-TLN-CKD <br><br><br> **ORDER** |

### I. PROCEDURAL HISTORY

This matter is before the Court on Plaintiff Thomas T. Aoki's ("Plaintiffs") *Ex Parte* Application for Order Authorizing Remote Testimony by Video. (ECF No. 343.) Prior to and at the Final Pretrial Conference, Defendants indicated a desire to call a limited number of witnesses by videoconference. (*See* ECF No. 349 at 9.) At the conference, Plaintiffs' counsel agreed to work with counsel for Defendants to arrange for such appearances, and the Court ordered the parties to work out the details (such as, for example, the logistics of presenting exhibits to witnesses and the timing of calling witnesses by video). (*Id.*) The Court indicated that, provided the parties could arrange for it, videoconference appearances would be permissible. (*Id.*) Thereafter, the Court received Plaintiffs' present *ex parte* application (ECF No. 343) and Defendants' response thereto (ECF No. 346), which made it clear that the parties were not only

1

unable to work out the details, but further that Defendants would no longer stipulate to the concept of videoconference appearances in general. The Court deferred ruling on the issue in the Final Pretrial Order (ECF No. 349 at 9) indicating it would rule by separate order. That order follows, and for the reasons set forth below, Plaintiffs' Application is GRANTED.

**II.  STANDARD**

Under Federal Rule of Civil Procedure 43(a):

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

"The use of such contemporaneous transmission in lieu of live testimony is expressly reserved to the sound discretion of the trial court." *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500 (Fed. Cl. 2010); *accord Palmer v. Valdez*, 560 F.3d 965, 969 (9th Cir. 2009). In addition, "[a]ppropriate safeguards exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately." *Warner v. Cate*, No. 1:12-cv-1146-LJO-MJS, 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015).

**III.  ANALYSIS**

Plaintiffs request an order permitting eleven witnesses to testify by live videoconference transmission. According to Plaintiffs, all but one reside outside of California; the single California resident, it appears, may live in or around Costa Mesa, which is more than 100 miles from the Eastern District courthouse in Sacramento.[1] (ECF Nos. 343 and 351.) In opposition to Plaintiffs' application, Defendants argue that Plaintiffs have not shown compelling circumstances—as required under Rule 43—to proffer testimony by videoconference. (ECF No. 346 at 2-3.) More specifically, Defendants contend that the majority of Plaintiffs' proposed video

---

[1] The Court has also received Defendants' Notice of Nonavailability of Defendant Marc Rose. (ECF No. 358.) At a minimum, for the additional reasons provided therein, good cause and compelling circumstances exist for Plaintiffs to call Dr. Rose by televideo. Being made aware of Dr. Rose's condition, however, Plaintiffs may elect not to call Dr. Rose at all. The Court will address any issues related to Dr. Rose's health if and when necessary.

2

witnesses are healthy and able to travel. (*Id.*) In their reply brief, Plaintiffs elaborate on their original application, explaining that many of their listed witnesses are hostile or third-party witnesses who live outside of California and therefore cannot be compelled to appear in this Court. (ECF No. 351 at 2-3.) Even those who are not hostile are unwilling to travel, according to Plaintiffs. (*Id.*)

It is true that the advisory committee's notes to Rule 43 caution that simple inconvenience to the witness does not justify the use of video transmission. Fed. R. Civ. Pro. 43 Advisory Committee's Note (1996 Amendment). But courts have nonetheless found that geographical distance may indeed provide good cause and compelling circumstances to justify the witness's appearance by video. *See Warner*, 2015 WL 4645019, at *1 (collecting cases). There is no question that this case involves many witnesses who reside outside of California. Moreover, beyond the general inconvenience of traveling, the witnesses at issue here live more than 100 miles from the courthouse and therefore cannot be compelled by subpoena to testify. *See* Fed. R. Civ. Pro. 45. These facts provide good cause and compelling circumstances for the Court to permit videoconference testimony from these witnesses who are otherwise outside of the Court's subpoena power. *See Warner*, 2015 WL 4645019, at *2.

Further, the appropriate safeguards exist in this case because the witnesses will provide live testimony by videoconference, will testify under oath, and will be subject to cross-examination. *See Ever Win Int'l Corp. v. Prong, Inc.*, No. CV156433DMGGJSX, 2017 WL 1654063, at *1-2 (C.D. Cal. Jan. 6, 2017) (*citing Palmer*, 560 F.3d at 973; *Beltran–Tirado v. I.N.S.*, 213 F.3d 1179, 1186 (9th Cir. 2000); *Alderman v. SEC*, 104 F.3d 285, 288 n.4 (9th Cir. 1997); *Warner*, 2015 WL 4645019, at *1). "Because a witness testifying by video is observed directly with little, if any, delay in transmission . . . courts have found that video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings." *Warner*, 2015 WL 4645019, at *1 (citations omitted). Especially in light of the fact that this is a bench trial, the Court foresees no issues with determining witness credibility, or with the logistics and timing of presenting and cross-examining the various witnesses by video. *See Ever Win*, 2017 WL 1654063, at *2 (noting that

the court prefers live testimony but will not foreclose videoconference testimony, especially in a bench trial).

**IV.  CONCLUSION**

For the reasons set forth above, Plaintiffs' *Ex Parte* Application for Order Authorizing Remote Testimony by Video (ECF No. 343) is GRANTED.  Plaintiffs' counsel is ordered to contact the Court's Director of IT, Richard Arendt, on Monday, March 18, 2019, to set up a date and time for IT training and testing of the required system(s).  Such testing will necessarily take place during the week of March 18, as set by Mr. Arendt.

IT IS SO ORDERED.

Dated: March 18, 2019

　　　　　　　　　　　　　　　　　　　　　　　　　　　
Troy L. Nunley
United States District Judge