FRANK F. SOMMERS, SBN 109012
SOMMERS & SCHWARTZ LLP
One Embarcadero Ctr, Ste. 800
San Francisco, CA 94111
Telephone: (415) 955-0925
ffs@SommersSchwartz.com

DUYEN T. NGUYEN, SBN 225368
DTN LAW GROUP
355 1st St., Unit S2006
San Francisco, California 94105
Telephone: (415) 310-6979
Facsimile: (415) 707-2171
duyen@dtnlawgroup.com

Attorneys for Plaintiffs
THOMAS T. AOKI, M.D., and
AOKI DIABETES RESEARCH INSTITUTE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., an individual, and AOKI DIABETES RESEARCH INSITUTE, a California Non-Profit Corporation,<br><br>Plaintiffs<br><br>vs.<br><br>GREGORY FORD GILBERT, an individual; et al.<br><br>Defendants | Case No.: 2:11-cv-02797-TLN-CKD<br><br>**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Before United States District Judge Troy L. Nunley |

**I.      INTRODUCTION**

Plaintiffs Thomas T. Aoki and ADRI hereby submit this motion pursuant to the Court's Findings of Fact and Law filed in this matter on November 17, 2020 awarding Plaintiffs damages in the amount of $7,936,500, $1,191,225[1] in patent infringement damages, $150,000 in statutory damages, injunctive relief, and attorneys' fees and costs. This case was filed in 2011. After nineteen days of a bench trial,

---

[1] This amount is the subject of Plaintiffs' concurrently filed motion for clarification as to whether the $1,191,225 award of patent infringement damages is separate and apart from and in addition to the $7,936,500 damages award for disgorgement of benefits.

the parties filed their proposed findings of law and conclusions of fact on or around August 5, 2019. Over the course of ten years of litigation, Plaintiffs had five sets of lawyers and now hereby seek to recoup at least **$1,043,041.07** in attorney's fees and **$41,400.11** in costs (with these amounts to be supplemented once the bills for Attorney Frank Sommers/Paul Schuck are finalized and submitted by no later than January 13, 2021, as discussed further below).

II. DISCUSSION

A. Legal Standard For Attorney's Fees Award

To determine a "reasonable" attorney fee award, district courts generally start by calculating the "lodestar" amount (the product of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly fee). See *Hensley v. Eckerhart,* 46 U.S. 424, 433-437 (1983); *City of Burlington v. Dague,* 505 U.S. 557, 561 (1992); *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552-553 (2010). There is a "strong presumption" that the lodestar represents the "reasonable" fee. *City of Burlington,* 505 U.S. at 561—lodestar figure has "become the guiding light to our fee-shifting jurisprudence"; *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-554 (2010)—"'strong presumption' that the lodestar figure is reasonable."

While this Court has a "preference" for contemporaneous records, they are not absolutely necessary. *See United States v. 12,248 U.S. Currency,* 957 F.2d 1513, 1521 (9th Cir. 1991). Fee requests can be based on "reconstructed records developed by reference to litigation files." *Davis v. City and County of San Francisco,* 976 F.2d 1536, 1542 (1992) (quoting *Bonnette v. California Health and Welfare Agency,* 704 F.2d 1465, 1473 (9th Cir. 1983)). Thus, the lack of "contemporaneous records" is not a basis for denying a fee request in its entirety. And although it is true that the fee applicant bears the burden of submitting "evidence supporting the hours worked and rates claimed," *Hensley,* 461 U.S. at 433, the Supreme Court has also stated that plaintiff's counsel "is not required to record in great detail how each minute of his time was expended." *Id.* at 437 n. 12,. Instead, plaintiff's counsel can meet his burden by simply listing his hours and "identify[ing] the general subject matter of his time expenditures." *Davis,* 976 F.2d at 1542 (quoting *Hensley,* 461 U.S. at 437 n. 12). Nevertheless, with the exception of some of Mr. Sommer's billing statements which were necessarily reconstructed after trial due to trial

being the sole absorption of his time during trial, Plaintiffs herewith submit detailed contemporaneously prepared attorney billing statements in support of this motion. (See exhibits A-C to Nguyen Declaration.)

Most courts look to the rates in effect at the time of the prevailing party's fee application rather than rates charged when the litigation began. *Gates v. Deukmejian,* 987 F.2d 1392, 1406 (9th Cir. 1992). The appropriate rate generally is the market rate in the community where the case is litigated—i.e., the "forum rate." *Roberts v. City & County of Honolulu,* 938 F.3d 1020, 1024-1025 (9th Cir. 2019). "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986); *Ingram v. Oroudjian*, 647 F.3d 925 (9th Cir. 2011). The prevailing rate in Sacramento for an experienced attorney with approximately over 15 years' experience or more ranges from $350 to $450. See *Morgan Hill Concerned Parents Association, et al., v. California Department of Education*, No. 2:11-cv-03471-KJM-AC, 2017 WL 2492850 at *1 (E.D. Cal. 2017) ("The appropriate rate for reimbursement of fees in Sacramento is the Court's previously stated rate of $350 per hour for attorneys."); *Cosby v. Autozone*, Inc., No. 08-505, 2016 WL 1626997, at *8 (E.D. Cal. 2016) (finding $450 rate reasonable for 15-year attorney and $300 rate reasonable for fifth-year associate practicing in Sacramento); *Estrada v. iYogi, Inc.*, Civ. No. 2:13-01989 WBS CKD, 2016 WL 310279, at *6 (E.D. Cal. 2016) (approving $400 requested rate for partners with as much as 19 years of experience); *Trulsson v. Cty. of San Joaquin Dist. Attorneys' Office*, Civ. No. 2:11-02986 KJM DAD, 2014 WL 5472787, at *6 (E.D. Cal. 2014) (accepting $450 hourly rate for experienced attorney); *Lin v. Dignity Health*, Civ. No. S–14–0666 KJM CKD, 2014 WL 5698448 at *3, (E.D. Cal. 2014) (in 2014, holding $350 was reasonable rate for an attorney with twenty-years' experience); *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 460 (E.D. Cal. 2013) ($400 prevailing hourly rate for counsel in wage-and-hour class action).

Plaintiffs' requested rate of $350[2] for counsel is in line with, if not well below the market for attorneys of their similar skill and experience representing clients in civil litigation. This was a complex

---

[2] As discussed below, a small set of Ms. Mendoza's bills include a rate of $400. Plaintiffs submit that even at this rate and especially for someone of Ms. Mendoza's experience and skill, this rate is still in line with prevailing rates of the community.

-3-

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS
Case No.: 2:11-cv-02797-TLN-CKD

matter involving numerous defendants and claims such as Patent Infringement, Copyright Infringement, False and Misleading Advertising and Unfair Competition, Breach of Fiduciary Duty, and Breach of Confidential Relationship. Based on the prevailing rates of Sacramento attorneys and the credentials of Plaintiffs' counsel and years of experience as mentioned below, their rate of $350 is reasonable and aligns with (if not lower) than the prevailing rates in the community. Also, "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and property fees." *Ingram*, 796 F.2d at 928 (9th Cir. 2011) (holding the district court did not abuse discretion either by relying, in part, on its own knowledge and experience, or by setting an hourly rate of $350 for the Central District of California.).

Additionally, "plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." *Cabrales v. County of Los Angeles,* 935 F.2d 1050, 1052 (9th Cir. 1991) (citations omitted)[3].

B. Plaintiffs Have Incurred At Least **$1,043,041.07**[4] in Attorney's Fees Over Ten Years of Litigation.

### 1. ATTORNEY JOANNA MENDOZA ($416,231.07)

Retained on or around 2009, Ms. Joanna Mendoza was the initial lawyer on this matter. Ms. Mendoza is a Roseville-based solo practitioner specializing in intellectual property litigation who according to state bar records was admitted to practice in 1990 and is a graduate of UC Berkeley School of Law. Ms. Mendoza did the initial work-up of the case in terms of legal and factual research, marshalling case evidence, sending out cease and desist letters, researching defendants, filing the initial complaint, amended complaint, dealing with removal issues, responding to cross-complaint, opposing

---

[3] "Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war. Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning. The County would have us scalpel out attorney's fees for every setback, no matter how temporary, regardless of its relationship to the ultimately disposition of the case. This makes little sense." *Id.* at 1053.

[4] This amount will be supplemented once Mr. Sommers'/Mr. Schuck's bills are finalized and submitted by no later than January 13, 2021, as discussed further below.

motion to compel arbitration, opposing motions for summary judgment and/or summary adjudication (more than once), and motion to disqualify counsel. Admitted to practice in 1990, Ms. Mendoza is clearly an experienced veteran and charged an hourly rate of $350.[5] Ms. Mendoza prepared contemporaneous detailed time records and her records are attached to the Declaration of Duyen Nguyen ("Nguyen Decl.") as **Exhibit A**. A summary of the invoice, date, and attorney fees billed are set forth below. Between 2009 and 2015, Plaintiffs incurred $410,393.83 in fees for Ms. Mendoza's time. Additionally, Ms. Mendoza's bills reflect administrative charges totaling $11,674.48 that covers photocopying and Westlaw legal research charges. (Nguyen Decl., ¶2.) Plaintiffs request an allocation of 50% of this amount for attorney research charges to be recovered as part of attorney's fees. *Trustees of Const. Industry & Laborers Health & Welfare Trust v. Redland Ins. Co.,* 460 F.3d 1253, 1258-125 (9th Cir. 2006) ("reasonable charges for computerized research may be recovered as attorney's fees. . . . if separate billing for such expenses is the prevailing practice in the local community" [internal quotes omitted].) As a result, Plaintiffs seek recovery of $416,231.07 in attorney's fees for Ms. Mendoza's time.

<u>Attorney's fees paid to Ms. Joanna Mendoza (based on an hourly rate of $350)</u>

| Date | Invoice | Attorney | Amount |
|---|---|---|---|
| 6/30/09 | 13133 | Mendoza | $4,655.00 |
| 9/4/09 | 13167 | Mendoza | $8,190.00 |
| 11/2/09 | 13185 | Mendoza | $10,247.50 |
| 1/25/10 | 13200 | Mendoza | $8,750.00 |
| 4/2/10 | 13220* | Mendoza | $5,720.00 |
| 5/31/10 | 13227* | Mendoza | $5,760.00 |
| 9/10/10 | 13250* | Mendoza | $1,240.00 |
| 11/8/10 | 13259* | Mendoza | $5,480.00 |
| 1/24/11 | 13266* | Mendoza | $1,480.00 |
| 3/14/11 | 13286* | Mendoza | $2,733.33 |
| 4/8/11 | 13288* | Mendoza | $680.00 |
| 5/11/11 | 13312* | Mendoza | $1,720.00 |
| 8/18/11 | 13323 | Mendoza | $15,015.00 |
| 10/31/11 | 13338 | Mendoza | $40,495.00 |
| 12/10/11 | 13344 | Mendoza | $20,670.00 |
| 2/15/12 | 13345 | Mendoza | $28,733.00 |
| 4/16/12 | 13352 | Mendoza | $17,257.00 |
| 5/21/12 | 13357 | Mendoza | $12,775.00 |

---

[5] Excepting for the invoices marked with an asterisk in which case Ms. Mendoza charged $400 an hour.

| Date | Invoice | Attorney | Amount | |
|---|---|---|---|---|
| 8/22/12 | 13368 | Mendoza | $54,243.00 | (reflects a 10% discount to fees) |
| 1/11/13 | 13381 | Mendoza | $26,810.00 | |
| 3/22/13 | 13426 | Mendoza | $19,320.00 | |
| 5/4/13 | 13432 | Mendoza | $17,045.00 | |
| 6/19/13 | 13436 | Mendoza | $16,905.00 | |
| 8/15/13 | 13449 | Mendoza | $15,450.00 | (reflects a $1K write-off of fees) |
| 12/17/13 | 13456 | Mendoza | $4,375.00 | |
| 4/18/14 | 13462 | Mendoza | $5,390.00 | |
| 10/13/14 | 13490 | Mendoza | $31,010.00 | |
| 12/26/15 | 13511 | Mendoza | $28,245.00 | (includes a $350 credit) |

Subtotal $410,393.83

Westlaw Charges $5,837.24
(50% of $11,674.48 in admin fees)

**TOTAL** **$416,231.07**

## 2. ATTORNEY SCOTT PLAMONDON ($18,900)

In 2016, Mr. Plamondon took over for Ms. Mendoza, who temporarily left law practice to serve on the State Bar Board of Trustees. Mr. Plamondon was only briefly involved in the case and ultimately withdrew as a result of health issues. Mr. Plamondon is a Sacramento based solo practitioner specializing in intellectual property litigation who according to state bar records was admitted to practice in 2001 and is a graduate of Santa Clara School of Law. Admitted to practice in 2001, Mr. Plamondon is an experienced practitioner and also billed at $350 an hour. During his engagement, Mr. Plamondon spent time briefly reviewing the file and getting up to speed and coordinating and conducting preliminary discovery. Mr. Plamondon prepared contemporaneous detailed time records and his records are attached to the Nguyen Decl. as **Exhibit B**. A summary of the invoice, date, and attorney fees billed are set forth below. Plaintiffs incurred $18,900 in fees for Mr. Plamondon's time.

Attorney's Fees Paid to Mr. Scott Plamondon (based on an hourly rate of $350)

| Date | Invoice | Attorney | Amount |
|---|---|---|---|
| 5/4/16 | 105 | Plamondon | $3,465.00 |
| 6/1/16 | 129 | Plamondon | $3,430.00 |
| 7/11/16 | 132 | Plamondon | $1,960.00 |
| 8/24/16 | 148 | Plamondon | $1,120.00 |
| 9/7/16 | 157 | Plamondon | $3,675.00 |
| 10/10/16 | 167 | Plamondon | $3,185.00 |
| 11/22/16 | 182 | Plamondon | $2,065.00 |

**TOTAL** **$18,900.00**

### 3. ATTORNEY DUYEN NGUYEN ($607,910)

On or around 2017, Ms. Nguyen was initially engaged to assist Mr. Plamondon with this case while he dealt with health issues. Ms. Nguyen is a San Francisco based solo practitioner with a background in complex civil litigation who was admitted to practice in 2003 and a graduate of UCLA School of Law. Within a relatively compressed period of time, Ms. Nguyen mastered a complex set of legal and factual issues that not only encompassed the underlying litigation but the 30-year personal and litigation history between Dr. Aoki and Mr. Gilbert spanning California and Nevada jurisdictions. She propounded discovery; handled and defended depositions; subpoenaed third-party documents; opposed motions to quash filed in Arizona; obtained discovery sanctions *twice* against Mr. Gilbert totaling $14,035 ($3500 + $10,355); engaged in discovery conferences and extensive discovery meet and confer discovery with Mr. Gilbert's then counsel, Robert Kent; reviewed and then ultimately produced over 5000 documents within just a few short months of her engagement.

When it became clear Mr. Plamondon would have to withdraw as counsel, Ms. Nguyen immediately began the process for interviewing and hiring trial counsel and ultimately engaged as discussed below, Mr. Frank Sommers as co-counsel. Ms. Nguyen brought Mr. Sommers up to speed on the case and organized and summarized all the case documents so that Mr. Sommers could seamlessly step in as lead trial counsel. Ms. Nguyen prepared most if not all of the written work in this case including motions both before, during and after trial (on her own and then under the direction of Mr. Sommers once he was engaged). Ms. Nguyen prepared discovery motions, opposed Defendants' third attempt at a motion for summary judgment/summary adjudication, prepared motions for and oppositions to trial continuances, motion pertaining to Mr. Gilbert's imminent suspension from state bar, prepared all the motions i*n limine*, exhibit lists and witness lists, and prepared Plaintiffs' proposed Findings of Facts and Conclusions of Law (with dense meticulous citations to the record). Ms. Nguyen lined up and subpoenaed all the trial witnesses, prepared the trial exhibits, served as second chair during trial, and cued Mr. Sommers during trial proceedings where appropriate as to questions and documents for witness examination, researched legal issues that arose during trial and prepared pocket briefs where appropriate.

Plaintiffs incurred $593,390 for Ms. Nguyen's time in litigating and trying this case, $520[6] in Westlaw legal research charges which are recoverable as part of attorney's fees (*see supra, Trustees of Const. Industry,* 460 F.3d at 1258-125l), and at least $14,000 in preparing this instant motion for attorney's fees and costs and related documents, altogether totaling $607,910. *Camacho v. Bridgeport Fin'l, Inc.,* 523 F.3d 973, 981 (9th Cir. 2008) (Attorney fee awards generally include the time spent preparing and litigating a motion to obtain a fee award, i.e. "fees on fees."); ¶9 to Nguyen Decl.

<u>Attorney's Fees Paid to Ms. Duyen Nguyen (based on an hourly rate of $350)</u>

| Date | Invoice | Attorney | Amount |
|---|---|---|---|
| 5/4/17 | 50 | Nguyen | $5,880.00 |
| 6/5/17 | 53 | Nguyen | $11,235.00 |
| 7/5/17 | 56 | Nguyen | $18,025.00 |
| 8/2/17 | 60 | Nguyen | $14,350.00 |
| 9/5/17 | 65 | Nguyen | $20,160.00 |
| 10/3/17 | 66 | Nguyen | $25,060.00 |
| 11/1/17 | 67 | Nguyen | $40,460.00 |
| 12/1/17 | 72 | Nguyen | $25,235.00 |
| 1/3/18 | 75 | Nguyen | $21,875.00 |
| 2/2/18 | 79 | Nguyen | $18,760.00 |
| 3/2/18 | 83 | Nguyen | $20,475.00 |
| 4/3/18 | 89 | Nguyen | $19,355.00 |
| 5/1/18 | 96 | Nguyen | $22,400.00 |
| 6/1/18 | 100 | Nguyen | $29,085.00 |
| 7/2/18 | 104 | Nguyen | $9,240.00 |
| 8/1/18 | 106 | Nguyen | 3,500.00 |
| 9/1/18 | 107 | Nguyen | $1,435.00 |
| 10/1/18 | 108 | Nguyen | $3,080.00 |
| 1/2/19 | 109 | Nguyen | $15,470.00 |
| 2/1/19 | 111 | Nguyen | $30,800.00 |
| 3/1/19 | 113 | Nguyen | $31,850.00 |
| Trial begins | | | |
| 4/1/2019 | 115 | Nguyen | $52,605.00 |
| 5/1/19 | 118 | Nguyen | $30,765.00 |
| 6/3/19 | 121 | Nguyen | $21,980.00 |
| 7/2/19 | 122 | Nguyen | $47,950.00 |
| 8/6/19 | 125 | Nguyen | $34,825.00 |
| 9/3/19 | 127 | Nguyen | $17,535.00 |

Subtotal $593,390.00

---

[6] These are reflected on Ms. Nguyen's billing entries dated 6-23-17, 6-25-17, 12-1-18, 3-31-19, 4-1-19, 5-1-19, and 7-31-19.

| | |
|---|---|
| Westlaw Charges | $520 |
| Motion for Attorney Fees and related documents | $14,000 |
| **TOTAL** | **$607,910** |

### 4. ATTORNEY FRANK SOMMERS (and Paul Schuck)

Last but certainly not least, on or around 2018, Mr. Sommers was engaged as lead trial counsel in this case. Mr. Sommers was admitted to the California bar in 1982 and is a graduate of Georgetown University School of Law. An experienced trial lawyer with over 30 years of practice, Mr. Sommers' rates normally exceed $550, but for this case, charged a discounted hourly rate of $350. Few have the gumption and wherewithal as Mr. Sommers to step into a highly complex case involving voluminous documents and after discovery cut-off, just months before trial was set to begin. Upon associating in as counsel, Mr. Sommers recognized the need to hire an experienced patent litigator to specifically advise Plaintiffs on patent issues. As evident from various motions to dismiss filed by Defendants, Mr. Gilbert initially staked his defense on arguing that he had a license to the patents and did not dispute the validity of the patents until much later when he realized the former was a failed argument. Assisted by Ms. Nguyen, in addition to his pretrial work and overall strategic guidance of the case, Mr. Sommers carried the entirety of the case at trial in terms of arguing motions, making evidentiary objections, examining and cross-examining all (but one) witnesses, and making closing arguments.

Embedded in Mr. Sommers' attorney invoices will be charges for the time of Paul Schuck [denoted with the preceding initials "PS"], an experienced patent litigator who is a partner at Bartko, Zankel, Bunzel and Miller, a boutique San Francisco litigation firm specializing in complex high stakes litigation. Mr. Schuck was admitted to the California bar in 1999 and is a graduate of University of Michigan School of Law. For this case, Mr. Schuck charged a courtesy rate of $350 although like Mr. Sommers, his rates normally exceed $550. Mr. Schuck was specifically engaged to advise on patent, copyright and other intellectual property issues.

Due to Mr. Sommers' trial schedule, his bills (which would include time incurred for Mr. Schuck) are in the process of being finalized and will be submitted by no later than Wednesday, January 13, 2021. Mr. Sommers has been in trial on a complex matter throughout much of December 2020 and trial is now

scheduled to conclude by January 11, 2021. Mr. Sommers had been unrealistically hopeful that he would be able to finalize the bills during a short break during trial but was unable to do so and is deeply apologetic for the inconvenience to the Court.

B. Legal Standard for Recovery of Costs

The types of costs awardable under Federal Rule of Civil Procedure 54(d) are limited to those enumerated in 28 USC §1920. In pertinent part, 28 U.S.C. §1920 states: A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk or marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; and (5) Docket fees under section 1923 of this title.

1. Costs incurred by Joanna Mendoza (**$6,748.97**)

Ms. Mendoza's bills reflect a total of $3,890.67 in costs and $11,674.48 in administrative fees totaling $15,565.15. The administrative fees encompass photocopying and Westlaw charges and Plaintiffs seek an allocation of 50% of this amount for photocopying costs. In sum, Plaintiffs seek recovery of the following as costs:

| | |
|---|---|
| Clerk filing fees | $740 |
| Service of process | $85 |
| Exemplification fees | $86.73 |
| Photocopying | $5,837.24 |
| **Total:** | **$6,748.97** |

As reflected on Ms. Mendoza's billing statements, the exemplification fees are for obtaining certified copies of corporate documents from various secretaries of state offices where Trina Health entities were incorporated. Service of process fees are for fees incurred in serving Mr. Gilbert and his corporate entities and the court filing fees are self-explanatory. An extraction of these costs from Ms. Mendoza's bills for ease of reference are attached to the Nguyen declaration as **Exhibit D**.

2. Costs incurred by Attorney Duyen Nguyen (**$34,651.14**)

Ms. Nguyen's bills reflect a total of $46,741.93 in costs. Of this amount, Plaintiffs seek a total

of $34,651.14 in costs, broken down as follows:

| | |
|---|---|
| Court transcripts (depositions and trial) | $17,270.75 |
| Service of process and witness fees | $4,692.41 |
| Printing costs | $5,248.34 |
| Exemplification costs | $7,439.64 |
| **Total:** | **$34,651.14** |

The transcript fees are for depositions and trial transcripts. The service of process and witness fees are principally for subpoenaing witnesses at trial but also include in two instances the deposition of third parties. While not all the witnesses ultimately ended up testifying, they were subpoenaed in good faith, and at the time, their testimony was material to the issues involved. *Kirby v. U.S., for and on behalf of Crow Tribe of Indians*, 273 F.391, 397 (9th Cir., 1921) (Holding that there was no abuse of discretion in taxing as costs the mileage and fees of witnesses who did not in fact testify as the witnesses were subpoenaed in good faith and that their testimony was deemed material to the issues involved.) The printing charges are principally for documents used during trial as well as during the course of litigation. (Not all printing costs incurred are sought, just those from October 18, 2017 onwards). Exemplification costs include fees paid for electronic processing of documents such as bates-labeling,[7] for obtaining court certified documents, fees paid to the USPTO and US Copyright office for certified documents, and for video trial testimony. All of these fees are reflected on Ms. Nguyen's billing statements but for purposes of this motion have been extracted and summarized for ease of reference and are attached as **Exhibit E** to the Nguyen Declaration. (Additionally, copies of the invoices for service of process and witness fees referenced herewith are attached as **Exhibit F** to the Nguyen Decl.)

### III. CONCLUSION

Based on the foregoing, Plaintiffs request at least **$1,043,041.07** in attorney's fees and **$41,400.11** in costs, with these amounts to be supplemented by no later than Wednesday, January 13, 2021 once the bills for Mr. Sommers/Mr. Schuck are finalized and submitted.

---

[7] In some instances, the fees for bates-labeling are included instead in the printing charges due to the way the vendor First Legal, aggregates charges for printing and bates-labeling.

Respectfully submitted,

Dated: January 4, 2021	DTN LAW GROUP

By /s/ Duyen T. Nguyen
Duyen T. Nguyen, Esq.
Attorney for Plaintiffs THOMAS T. AOKI and AOKI DIABETES RESEARCH INSTITUTE