UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, et al., | No. 2:11-cv-2797 TLN CKD |
| Plaintiffs-Judgment Creditors, | ORDER |
| v. | |
| GREGORY FORD GILBERT, et al., | |
| Defendants-Judgment Debtors. | |

The court issues this order in a continuing effort to compel defendants and judgment debtors Gregory Ford Gilbert and his company Trina Health, LLC (collectively, "defendants") to produce discovery related to the collection of the judgment entered against them. On July 6, 2021, the undersigned granted plaintiffs' motion to compel, ordering defendants to respond to four sets of discovery requests related to then-upcoming judgment collection examinations.[1] (ECF No. 482 ("debtor-exam discovery order").) On July 14, 2021, Ms. Tara Miller—the former COO of Trina Health, and defendant Gilbert's daughter—sat for an examination in aid of judgment collection. (ECF No. 489.) By that time, defendants had only responded to the court-

---

[1] These consist of special interrogatories and document production requests served on defendants in late April 2021, all related to collecting the $9.2 million judgment plaintiffs won in this case in February 2021. (ECF No. 477 at 1, 5; see ECF Nos. 434, 448.)

1

ordered discovery requests in one small part: by providing plaintiffs' counsel a password to access the electronic QuickBooks files for Trina Health. (ECF No. 487 (Nguyen Decl.) ¶¶ 2-5.) Although defendant Gilbert disputes the timing and circumstances of providing the password, he does not argue that he fully produced documents responsive to all RFPs or responded to all interrogatories propounded by plaintiffs, as ordered by the court. (ECF No. 493 (Gilbert Decl.).[2])

The day after Ms. Miller's examination, July 15, 2021, plaintiffs filed an ex parte application requesting that the court issue an order to show cause why defendants should not be held in civil contempt and sanctioned to coerce compliance with the debtor-exam discovery order. (ECF No. 385.) At plaintiffs' request, the court set a show cause hearing for July 21, 2021, in conjunction with defendant Gilbert's previously scheduled judgment-debtor examination. (ECF No. 486.)

At the July 21, 2021 show cause hearing, plaintiffs' counsel conveyed that some further progress was made toward production, having received some interrogatory answers and document production from defendant Gilbert the night before. Plaintiffs' counsel agreed that, rather than pursuing civil contempt sanctions right away, the best course would be to give defendants more time to comply with the debtor-exam discovery order. Defendant Gilbert appeared, pro se, at the hearing and represented that he is committed to giving plaintiffs everything they ask for—but that there are continuing technological and logistical obstacles to some of the requested material, in part because a July 1 eviction of his companies (Bionica, LLC, and Trina Health) from their former operating facility has resulted in physical documents being packed in boxes and moved to new facilities.

Based on the discussion at the show cause hearing, it became clear that plaintiffs were most interested in obtaining a limited number of documents from defendants Gilbert and Trina Health—a subset of their original discovery requests. The court therefore ordered plaintiffs to file

---

[2] At the subsequent show cause hearing on July 21, 2021, the court permitted defendant Gilbert to file a belated response to plaintiffs' ex parte application regarding contempt, which he claimed he was previously unable to file due to technical difficulties with his access to the court's e-filing system. Mr. Gilbert is a former attorney now representing himself, pro se, and was granted e-filing privileges in this case in April 2021. (ECF No. 468.)

a specific list of judgment-collection related documents still being sought from defendants and permitted defendant Gilbert to file a response.  Having received and reviewed plaintiffs' specific post-hearing requests, and Gilbert's response (ECF Nos. 492 & 494, the court NOW ORDERS THAT:

1. No later than **Friday, July 30, 2021**, defendants Gregory Ford Gilbert and Trina Health, LLC shall (to the extent they have not done so already):

    a. Provide plaintiffs' counsel with the information requested as to Bionica's[3] QuickBooks account as specified in Item #1 in ECF No. 492; and

    b. Provide plaintiffs' counsel with the information about the Microsoft cloud storage account requested in Item #2 in ECF No. 492, and shall authorize release of a copy of the files.

2. No later than **Friday, August 27, 2021**, defendants Gregory Ford Gilbert and Trina Health, LLC shall:

    a. Allow plaintiffs' counsel access to inspect all contracts specified in Item #3 in ECF No. 492, wherever housed;

    b. Produce all documents specified in Items #4–8 in ECF No. 492;

    c. Allow plaintiffs' counsel access to inspect and/or copy all paper files of Bionica and Trina Health as specified in Item #9 in ECF No. 492, wherever housed; and

    d. Produce all documents specified in Items #10–11 in ECF No. 492.[4]

////

////

---

[3] Should Bionica object to any of the discovery production ordered herein, based on the automatic stay in operation during its Chapter 11 Bankruptcy case, it may note such objection in a written response signed *by counsel for Bionica* and delivered to plaintiffs' counsel.  The current filings indicate, however, that Bionica does not object to continued informal negotiations regarding production.  (ECF Nos. 477 at 3 n.2, 494 at 1.)

[4] The court declines to enter any order regarding Item #12, as it is unclear what documents are being requested.

3. If, as to any of the above items, there are no responsive documents within defendants' possession, custody, **or** control, defendants shall so state in a signed written response delivered to plaintiffs by the deadline above.

4. Should it prove logistically infeasible to comply with any of the above orders by the deadline provided, the parties shall meet and confer regarding a reasonable extension; if no agreement can be reached, **defendants** may apply to the court before the deadline expires for an extension of time with a showing of good cause.

5. Plaintiffs may apply to schedule further judgment collection related examinations in this case as they see fit.

Dated: July 23, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.2797.aoki