UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI and AOKI DIABETES RESEARCH INSTITUTE,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY FORD GILBERT,<br><br>Defendant. | No. 2:11-cv-02797-TLN-CKD |
| MELANIE J. KUNZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS T. AOKI, et al.,<br><br>Defendants. | No. 2:21-cv-01502-JAM-AC<br><br>**RELATED CASE ORDER** |

Plaintiff filed an Amended Notice of Related Cases in each of the above-captioned actions on August 23, 2021. (ECF No. 499.) Examination of the above-captioned actions reveals they are related within the meaning of Local Rule 123 (E.D. Cal. 1997). Pursuant to Rule 123 of the Local Rules of the United States District Court for the Eastern District of California, two actions are related when they involve the same parties and are based on the same or similar claim(s);

1

when they involve the same transaction, property, or event; or when they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a).  Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

Here, the above-captioned actions are related because both actions (1) involve the same parties and are based on the same or similar claims of patent infringement, copyright infringement, false advertising and unfair business practices under state and federal law; (2) the same property, transaction or event in that it involves the theft and false marketing of Dr. Aoki's patented treatment; (3) involve similar questions of fact and law regarding probable cause for bringing claims for patent infringement copyright infringement, false advertising and unfair business practices, and their assignment to the same Judge is likely to effect a substantial savings of judicial effort; and (4) it would entail substantial duplication of labor if the actions were heard by a different Judge.

Relating the cases under Local Rule 123, however, merely has the result that both actions are assigned to the same judge, it does not consolidate the actions. Under the regular practice of this Court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned. Should either party wish to consolidate the actions, the appropriate motion or stipulation must be filed.

IT IS THEREFORE ORDERED that the action denominated 2:21-cv-01502-JAM-AC is reassigned to District Judge Troy L. Nunley and Magistrate Judge Carolyn K. Delaney, and the caption shall read 2:21-cv-01502-TLN-CKD.  Any dates currently set in 2:21-cv-01502-JAM-AC are hereby VACATED, and the parties are ordered to refile any pending motions before this Court. The Clerk of the Court is to issue the Initial Pretrial Scheduling Order.

1       IT IS SO ORDERED.

2 Dated: August 25, 2021

3                                                Troy L. Nunley
                                               United States District Judge