UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. AOKI, M.D., an individual, and AOKI DIABETES RESEARCH INSTITUTE, a California Non-Profit Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY FORD GILBERT, an individual; et al.,<br><br>Defendants. | No. 2:11-cv-02797-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Plaintiffs Thomas Aoki ("Aoki") and Aoki Diabetes Research Institute's ("ADRI") (collectively, "Plaintiffs") Motion for Attorneys' Fees and Costs. (ECF No. 437.) Defendants Bionica, Inc. ("Bionica") and Gregory Ford Gilbert ("Gilbert") (collectively, "Defendants") opposed the motion. (ECF Nos. 442, 445.) Plaintiffs filed a reply. (ECF No. 446.) For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs sued Defendants on October 24, 2011, alleging, among other causes of action, patent infringement, copyright infringement, and various violations of the California Business and Professions Code. (ECF No. 1 at 1.) The Court conducted a nineteen-day bench trial, beginning March 25, 2019, and concluding June 13, 2019. (ECF No. 434 at 2.) On November 17, 2020, the Court filed findings of fact and conclusions of law in Plaintiffs' favor on all but two causes of action and gave Plaintiffs thirty days to file a motion for attorneys' fees. (*Id.* at 53.) On December 15, 2021, Plaintiffs filed a motion for a 15-day extension of time to file the motion for attorneys' fees. (ECF No. 435.) The Court granted Plaintiffs' motion and allowed Plaintiffs to file their motion for attorneys' fees and related documents by January 4, 2021. (ECF No. 436.) Plaintiffs filed the instant motion on January 4, 2021, requesting at least $1,043,041.07 in attorney's fees and $41,400.11 in costs. (ECF No. 437.) The Court entered judgment on February 16, 2021. (ECF No. 448.) The Court first will address the motion for attorney's fees and then the motion for costs.

### II. ATTORNEYS' FEES

#### A. Standard of Law

The Court may award reasonable attorneys' fees to a prevailing party under 15 U.S.C. § 117(a) ("the Lanham Act"), 17 U.S.C. § 505 ("the Copyright Act"), and 35 U.S.C. § 285 ("the Patent Act"). District courts generally calculate attorneys' fees based on the "lodestar," which is the product of the number of hours reasonably expended and a reasonable hourly rate. *See, e.g.*, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Bischoff v. Brittain*, No. 2:14-cv-01970-KJM-CKD, 2016 WL 4943808, at *1 (E.D. Cal. Sept. 16, 2016). In determining a reasonable number of hours, the Court reviews detailed time records to determine whether the hours claimed are adequately documented and whether any of the hours were unnecessary, duplicative, or excessive. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds,* 808 F.2d 1373 (9th Cir. 1987). To determine a reasonable rate for each attorney, the Court looks to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Id.* at 1210–11.

B.  Analysis

In the instant motion, Plaintiffs request attorneys' fees for the work of: (1) Joanna Mendoza ("Mendoza"); (2) Scott Plamondon ("Plamondon") of Plamondon Law Group; (3) Duyen Nguyen ("Nguyen") of DTN Law Group; (4) Frank Sommers ("Sommers"); and (5) Paul Schuck ("Schuck").  (ECF No. 437 at 4–9.)  In opposition, Bionica argues Plaintiffs lack sufficient evidence to establish the attorneys' reasonable rate and objects to various time entries on Plaintiffs' attorneys' invoices.  (ECF No. 442.)  Gilbert joined Bionica's opposition.[1]  (ECF No. 445 at 2–3.)  The Court will first address the reasonableness of the rates requested and then the reasonableness of the hours worked.

*i.   Reasonableness of Requested Rates*

Defendants argue Plaintiffs' motion does not contain sufficient facts or evidence to establish the reasonableness of the rates for: (1) Mendoza; (2) Plamondon Law Group; or (3) DTN Law Group.  (ECF No. 442 at 3–4.)  Defendants contend the invoices Plaintiffs provide with their motion are not self-authenticating and require attorney declarations for authentication.  (*Id.* at 2.)  Defendants further argue the single declaration Plaintiffs submitted from Nguyen in support of fees for other attorneys is insufficient to "establish a foundation and authenticate the documents."  (*Id.*)  Defendants also filed corresponding objections.  (*See generally* ECF No. 444.)  In reply, Plaintiffs submitted declarations from: (1) Mendoza (ECF No. 446-2); (2) Plamondon (ECF No. 446-3); and (3) a supplemental declaration from Nguyen (ECF No. 446-1) to authenticate the invoices Plaintiffs submitted with the instant motion.

Attorney invoices alone, are not self-authenticating, and are insufficient to meet the evidentiary burden for a court to award attorney's fees.  *Yeager v. AT & T Mobility, LLC,* No. CIV S 07-2517 KJM, 2012 WL 6629434, at *3 (E.D. Cal. Dec. 19, 2012).  An attorney's invoice

---

[1]  In opposition, Gilbert argues "it was disclosed to Defendants that Counsel for Plaintiffs were on a modified fee basis of a small hourly rate, and a percentage of the recovery if any.  This fact is not addressed in the moving papers."  (ECF No. 445 at 2.)  Gilbert further invokes the "Physicians Exemption," 35 U.S.C. § 287(c)(2)(B), arguing it is a defense and a "complete bar to the award of fees and costs."  (*Id.* at 3.)  Gilbert fails to develop these arguments further or provide sufficient evidence in support.  As such, the Court finds Gilbert's additional arguments to be unpersuasive.

3

of services rendered should be accompanied by his or her own declaration to authenticate the invoice as evidence under Federal Rule of Evidence 901.  *Id.*

The Court recognizes the "submission of evidence with a reply brief is generally, but not always improper because it deprives the opposing party of the opportunity to respond." *E.S v. Conejo Valley Unified Sch. Dist.,* No. CV 17-2629 SS, 2019 WL 1598756, at *1 (C.D. Cal. Mar. 27, 2019).  However, after careful consideration of the parties' briefs, the evidence, the absence of objections from Defendants regarding the evidence, and the interests of judicial economy, the Court will consider the declarations Plaintiffs submitted with their reply.  *Id.* (considering a declaration the party submitted in its reply briefing on its motion for attorney's fees because it was in direct response to an assertion the opposing party made in opposition and would not cause the outcome to be materially different).

After reviewing the declarations Plaintiffs filed with their reply, the Court finds that the declarations sufficiently resolve the deficiencies Defendants highlighted in their opposition and authenticate the invoices Plaintiffs provided for: (1) Mendoza; (2) the Plamondon Law Group; and (3) DTN Law Group.  *See Yeager*, 2012 WL 6629434 at *3.  Each declaration sufficiently indicates the respective attorney's experience, the services the attorney performed, and analogized each attorneys' hourly rate to comparable rates in the Sacramento region.  (ECF No. 446-1 at 1–4; ECF No. 446-2 at 1–3; ECF No. 446-3 at 1–3.)  Moreover, the attorneys' rates all fell within the range of $350–$450 an hour, which the Eastern District of California has deemed as a reasonable rate for attorneys with similar levels of experience.  *See Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.*, No. 2:11-cv-03471-KJM-AC, 2017 WL 2492850, at *1 (E.D. Cal. June 9, 2017) ("The appropriate rate for reimbursement of fees in Sacramento is the Court's previously stated rate of $350 per hour for attorneys."); *see also Cosby v. Autozone, Inc.*, No. 2:08-cv-00505-KJM-DAD, 2016 WL 1626997, at *1 (E.D. Cal. Apr. 25, 2016) (finding $450 an hour a reasonable rate for an attorney with fifteen years of experience).

Accordingly, the Court finds Plaintiff's evidence adequately sets forth a reasonable hourly rate each attorney charged for their services.

///

         *ii.*   *Reasonableness of Hours Worked*

Defendants object to some of the attorneys' time entries in the invoices Plaintiffs submit with the instant motion. (ECF No. 442 at 5–9.) The Court will address each in turn.

           *a.*   *Fees for Plaintiffs' Collective Claims*

Defendants argue Plaintiffs did not prevail on all their claims and therefore not all claims support an award of attorney's fees. (*Id.* at 5.) In reply, Plaintiffs argue the time spent on all claims are compensable because the services contributed to their overall success in the lawsuit. (ECF No. 446 at 7.)

"[P]laintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable in full or in part, if it contributes to the success of other claims." *Cabrales v. Cnty. of L.A.*, 935 F.2d 1050, 1052 (9th Cir. 1991) (citations omitted); *see also Pierce v. Orange*, 905 F. Supp. 2d 1017, 1032 (C.D. Cal. 2012) ("It is well-settled that a prevailing plaintiff may be compensated for lost battles along the way to winning the war: '[A] plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage.'"); *Cortes v. Kern Cty. Superintendent of Sch.*, No. 1:18-cv-01355-LJO-JLT, 2019 WL 4013602, at *8 (E.D. Cal. Aug. 26, 2019).

Here, Plaintiffs prevailed on all their claims except for false advertising and unfair competition under California's Business and Professions Code. (ECF No. 434 at 53.) The Court finds the collective efforts which Plaintiffs' attorneys expended were necessary for their "ultimate victory." *Pierce*, 905 F. Supp. 2d at 1032. Therefore, the Court finds Defendants' first argument to be unpersuasive. *Cabrales*, 935 F.2d at 1052.

           *b.*   *Block Billing*

Defendants argue "every attorney that submitted invoices engaged in impermissible block billing." (ECF No. 442 at 8.) Defendants further contend "[b]lock billing exists in a significant percentage of their billing entries, but not all of the entries" and requests the Court to reduce the attorneys' hours accordingly. (*Id.*) In reply, Plaintiffs argue "other than identifying the invoice number itself," Defendants do not "identify the specific 'block-billed' entry or . . . explain how

5

any party of such entry would be objectionable." (ECF No. 446 at 10.)

In analyzing a request for attorneys' fees, "block-billing is the practice of including various tasks within one time entry without specifying the time spent on each task within an entry." *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 966 n.9 (N.D. Cal. 2014). Block billing makes it difficult for a court to determine how much time was spent on certain activities. *Welch v. Met. Life Ins. Co.,* 480 F.3d 942, 948 (9th Cir. 2007).

In the instant case, Defendants fail to point to any specific or detailed time entries showing that Plaintiffs' attorneys block billed. Defendants have the burden of rebutting Plaintiffs' evidence and must submit evidence to the Court challenging the accuracy and reasonableness of those hours charged. *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984). Here, Defendants only make general objections in their declaration about "significant block billing" without highlighting specific entries or offering the Court authority to support the contention that the entries constitute impermissible block billing. (*See, e.g.*, ECF No. 443 at 6.) Accordingly, the Court will not reduce Plaintiffs' attorneys' fees on this basis.

*c.     Vagueness*

Defendants next contend many of the attorneys' entries are vague because the attorneys do not specify the claim for which the attorney was directing their work and the attorneys labeled their entries describing generalized tasks such as "legal analysis" or "factual analysis." (ECF No. 442 at 5.) However, Defendants again fail to cite specific entries or provide authority that these entries are insufficient. (*See* ECF No. 442 at 5–6.)

Generally, a court should defer to counsel's professional judgment as to how much time was spent on the case. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Counsel is not required to record this time in great detail but must provide the general subject matter for the task performed. *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). Based on the record, the Court finds Plaintiffs have met their burden, and Defendant's vagueness arguments rebutting that evidence are insufficient. *Blum*, 465 U.S. at 892 n.5.

///

///

*d.     Clerical Work*

Defendants argue several clerical tasks in the attorneys' time entries are not compensable. (ECF No. 442 at 8.) Defendants point to the declaration they attached with their opposition brief as evidence, but once again the Defendants fail to specify which entries they are contesting. For example, while the declaration makes allegations about "some clerical work" on invoice 75 from DTN Law Group, Defendants do not inform the Court what entry constitutes clerical work. (ECF No. 443 at 7.) In reply, Plaintiffs argue the invoices that Defendants flagged as containing "clerical" work are incorrect due to the complexity of the case. (ECF No. 446 at 9–11.) More specifically, Plaintiffs argue the documents concerned "complex technology. . . patent applications and related documents, myriad of licensing arrangements. . . and litigation history in multiple states spanning an approximately 30-year period." (*Id.* at 9.) Plaintiffs argue Nguyen had to read these documents herself to understand the complex subject material so she could train Sommers when he stepped in to take the case to litigation. (*Id.*) Absent any specific contrary evidence, the Court finds Defendants have not met their burden of submitting sufficient evidence to rebut the reasonableness of the attorneys' hours. *Blum*, 465 U.S. at 892 n.5; *Ruff v. Cnty. of Kings*, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

*e.     Miscellaneous Claims*

Defendants' remaining arguments are, at best, unsupported conclusions and, at worst, incoherent. (*See* ECF No. 442 at 5–9; ECF No. 443.) For example, Defendants state that the time Nguyen billed to prepare for trial was "excessive and unreasonable" and highlighted the fact the time amounted to almost "21 8-hour days of simply organizing exhibits." (ECF No. 443 at 5.) Yet Defendants do not provide the Court with any sort of evidence or authority to suggest this was an "excessive and unreasonable" amount of time, nor do Defendants offer what amount of time would be reasonable in this instance. (*Id.*)

In reply, Plaintiffs respond to Defendants' objections to specific lines of the invoices. (ECF No. 446 at 2–8.) The Court is persuaded by Plaintiffs' arguments. For example, Defendants objected to Nguyen's invoices 60, 65, 79, 83, and 89 questioning "who Zmrzel is and relevance of work with this person." (ECF No. 443 at 6–7.) In reply, Plaintiffs argued Zmrzel

7

refers to Laurie Zmrzel, the associate attorney who worked for Gilbert. (ECF No. 446 at 2.) Plaintiffs contends Defendants' objections reflect "a lack of basic knowledge regarding this case and due diligence." (*Id.*)

In sum, Defendants' scattershot, unsupported, and at times incoherent arguments and objections are insufficient to rebut Plaintiffs' evidence that the hours billed were reasonable. *Blum*, 465 U.S. at 892 n.5.

### iii. *Fees for Sommers and Schuck*

Lastly, Plaintiffs request fees for Sommers and Schuck. (ECF No. 437 at 9.) Plaintiffs argue Sommers was lead trial counsel and Schuck was an experienced patent litigator who assisted Sommers in this case. (*Id.*) However, Plaintiffs state in their motion that they had not yet finalized the bills for Sommers' and Schnuck's services and intend to file those bills with the Court by January 13, 2021. (*Id.*) As of the date of this Order, Plaintiffs have not filed any such bills or documentation regarding fees for Sommers and Schuck. Absent any evidence as to the rates or hours worked as to Sommers or Schuck, Plaintiffs have not met their burden to show they are entitled to attorneys' fees for Sommers or Schuck.

Accordingly, the Court GRANTS Plaintiffs' motion for attorneys' fees and awards Plaintiffs the full requested amount of $1,043,041.07.[2] (*See* ECF No. 437 at 5–9, 11.)

## III. COSTS

Plaintiffs seeks costs and expenses in the amount of $41,400.11, which represents $6,748.97 in expenses accrued by Mendoza and $34,651.14 in expenses accrued by Nguyen. (ECF No. 437 at 10–11.) Defendants object to Plaintiffs' request as untimely. (ECF No. 442 at 9.) In reply, Plaintiffs contends their motion is timely because it was filed before the Court entered judgment and pursuant to the Court's extension. (ECF No. 446 at 11.)

Under Federal Rule of Civil Procedure ("Rule") 54(d)(1), the prevailing party in a lawsuit

---

[2] There is a small discrepancy between the amounts listed on the attorneys' invoices with the amounts Plaintiffs request in their motion. (*See, e.g.*, ECF No. 437 at 8; ECF No. 446-1 at 48.) That being said, the amounts Plaintiffs request in the instant motion are less than the totals listed in the attorneys' invoices. Therefore, the Court will award Plaintiffs attorneys' fees according to the amounts requested in their motion.

8

shall recover its costs "unless . . . a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). A prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. § 1920 and, in this district, by Local Rule 292. *See* 28 U.S.C. § 1920; L.R. 292. Pursuant to Local Rule 292, a prevailing party must file a cost bill "[w]ithin fourteen (14) days after entry of judgment or order under which costs may be claimed." L.R. 292(b).

Here, Plaintiffs filed the instant motion long before the Court entered judgment. (*See* ECF No. 448.) Further, although the Court ordered Plaintiffs to file a motion for attorneys' fees and costs not later than 30 days from the findings of fact and conclusions of law (ECF No. 434 at 53), the Court subsequently granted Plaintiffs an extension to submit the motion for attorneys' fees and costs by January 4, 2021 (ECF No. 436). As ordered, Plaintiff submitted his motion on January 4, 2021. (ECF No. 437.) Accordingly, Plaintiffs' motion is timely. Absent any other objection, and as Plaintiff has provided sufficient documentation evidencing his incurred costs (*see* ECF No. 437-1 at 281–285), the Court GRANTS Plaintiffs' motion for costs and expenses in the amount of $41,400.11.

**IV.   CONCLUSION**

Based on the foregoing reasons, the Court hereby GRANTS Plaintiffs' Motion for Attorneys' Fees and Costs. (ECF No. 437.) The Court awards Plaintiffs $1,043,041.07 in attorneys' fees and $41,400.11 in costs and expenses.

IT IS SO ORDERED.

**DATED:** March 29, 2022

Troy L. Nunley
United States District Judge

9